IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 MAY -4  A 11: 12

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| NORRIS FOSTER, | ) |
| Plaintiff, | ) PLAINTIFF DEMANDS TRIAL<br>) BY A STRUCK JURY |
| vs. | ) Civil Action No.: |
| MID STATE LAND & TIMBER<br>COMPANY, INC., D/B/A<br>SEDGEFIELDS PLANTATION, | ) 2:06cv405-ID |
| Defendant. | ) |

### COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this court is invoked pursuant to 42 U.S.C. § 1981 to secure the protection of and redress deprivation of contract (i.e. employment) rights. 42 U.S.C. § 1981 provides for injunctive, declaratory and legal relief for racial discrimination in the making and enforcement of contract rights.

### II. PARTIES

2. Plaintiff, Norris Foster, is a black citizen of the United States and is a resident of Bullock County, Alabama. Plaintiff Foster was formerly employed by the Defendant Mid State Land & Timber Company, Inc., a corporation, d/b/a Sedgefields Plantation at its Hunting Lodge located in Bullock County, Alabama at all times relevant hereto. Plaintiff was employed by said Defendant for approximately twelve (12) years until he was discharged on December 28, 2005.

3. Defendant Mid State Land & Timber Company, Inc., d/b/a Sedgefields Plantation, is subject to suit as the Plaintiff''s employer and the maker of his employment contract. The Defendant operates a Hunting Lodge where sportsmen pay for the privilege of engaging in quail hunting, deer hunting, and/or wild turkey hunting.

### III. CAUSE OF ACTION
### RACE DISCRIMINATION

4. The Plaintiff realleges and incorporates by reference paragraphs 1 through 3 above with the same force and effect as if fully set out herein below.

5. The Defendant engaged in unlawful discriminatory employment practices on the basis of race as concerns the terms, conditions and privileges of the Plaintiff's employment, including his termination.

6. Plaintiff, Norris Foster, was initially employed as a tractor operator and a hunting crew member at Defendant's hunting lodge located near Union Springs in Bullock County, Alabama. Plaintiff was paid an hourly rate of $8.00 per hour. Plaintiff worked more than 40 hours per week. Plaintiff Foster performed his job duties in a satisfactory manner.

7. Beginning in approximately September or October 2005, the Plaintiff came under the supervision of a new hunting guide and dog trainer, Joel Norman. Norman talked openly about how he wished to replace the black employees of the Defendant with a white hunting crew, and made numerous derogatory comments criticizing the black staff.

8. Beginning in December, 2005, Norman hired two young white males to work with him on his crew. Prior to those hirings, Norman's crew had consisted of three

black males, Norris Foster, Jeffrey Harris, and Willie Mack. After the white males were hired, Foster and Harris trained them on how to operate the tractors, and the white males assumed the duties of preparing the fields for hunting. Harris and Foster were assigned to shovel manure out of the horse barn.

9. On or about December 28, 2005, Plaintiff Norris Foster was terminated. Joel Norman accused Foster of stealing some previously killed quail. Plaintiff Norris Foster did not remove any quail, but rather the quail had to be thrown out because they had spoiled while remaining in the refrigerator.

10. The reason given by Norman for Foster's termination was pretextual. At the time of his discharge, Foster had been employed at the Plantation for over twelve (12) years.

11. Today, the hunting crew supervised by Joel Norman is an all white crew. All black crew members have been replaced. The white crew members were hired at substantially higher wage rates than their black counterparts, even through they have less knowledge, training, and experience in the hunting industry and are performing the same duties.

12. The effect of the Defendant's discrimination as outlined above has been to deprive the Plaintiff of the same right to make and enforce contracts as enjoyed by similarly situated white persons in violation of 42 U.S.C. § 1981 as amended.

13. Plaintiff seeks to address the discrimination alleged herein, in this suit for back-pay, injunctive relief, compensatory and punitive damages, and a declaratory judgment is his only means of securing adequate relief. The Plaintiff is now suffering

and will continue to suffer irreparable injury from the Defendant's unlawful policies and practices as set forth herein, unless enjoined by this court.

14. As a consequence of the Defendant's unlawful discriminatory conduct against the Plaintiff on the basis of his race, Plaintiff has suffered embarrassment, humiliation, mental distress, emotional pain and mental anguish.

15. Defendant engaged in the discriminatory practices complained of herein with malice and/or reckless indifference to the Plaintiff's federally protected rights thereby entitling the Plaintiff to an award of punitive damages.

### IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this court assume jurisdiction of this action and after trial:

A) Issue a declaratory judgment that the employment policies and practices, conditions and customs of the Defendant are violative of the rights of the Plaintiff as secured by the Civil Rights Act of 1991, 42 U.S.C. § 1981 as amended.

B) Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees and those acting in concert with the Defendant from continuing to violate the Civil Rights Act of 1991, 42 U.S.C. § 1981 as amended.

C) Enter an Order requiring the Defendant to make the Plaintiff whole by awarding him the position he would have occupied in the absence of race discrimination, back-pay plus interests, declaratory and injunctive relief,

nominal damages, compensatory and punitive damages, and lost seniority and benefits.

D) Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to an award of costs, attorney's fees and expenses.

_____
Jerry D. Roberson

OF COUNSEL:

ROBERSON & ROBERSON (ROB010)
8 Office Park Circle
Suite 150
Birmingham, Alabama 35223
Telephone: (205) 871-1115
Facsimile: (205) 871-5115


Albert H. Adams, Jr., Esq. (ADA-058)
IRBY LAW FIRM, LLC
P.O. Box 910
Eufaula, Al. 36072



**PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL:**

Mid-State Land & Timber Co., Inc.
c/o Drayton Pruitt, Jr.
105 Washington Street
Livingston, Alabama 35470