IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **NORRIS FOSTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO:** |
| ) | **2:06-CV-00405-ID-SRW** |
| **MID STATE LAND & TIMBER** ) | |
| **COMPANY, INC., D/B/A** ) | |
| **SEDGEFIELDS PLANTATION,** ) | |
| ) | |
| **Defendant.** | |

**ANSWER AND AFFIRMATIVE DEFENSES**

COMES NOW Defendant Mid State Land & Timber Company, Inc. d/b/a Sedgefields Plantation ("Defendant") and, for its response to the Complaint of Plaintiff Norris Foster ("Plaintiff"), states as follows:

**ANSWER**

Defendant answers the allegations in the Complaint by denying the allegations not expressly admitted. As to each specific allegation of Plaintiff's Complaint, Defendant responds as follows:

1. The allegations contained in Paragraph 1 of the Complaint are legal conclusions that do not call for response by Defendant. To the extent a response is required, Defendant denies any liability to Plaintiff under 42 U.S.C. § 1981 and denies that Plaintiff is entitled to the relief he requests.

2. Defendant admits that Plaintiff, who is black, was employed by Defendant in Bullock County, Alabama and that his employment with Defendant was terminated on or about December 29, 2005. Further, Defendant is without knowledge or information sufficient to form a belief as to

whether Plaintiff is a resident of Bullock County, Alabama. Except as thus stated, the allegations contained in Paragraph 2 of the Complaint are denied.

3. Defendant admits that it was Plaintiff's employer and that it operated a hunting lodge for wild game hunting. Except as thus stated, the allegations contained in Paragraph 3 of the Complaint are denied.

4. In answering Paragraph 4 of the Complaint, Defendant repeats and realleges every and every answer, denial, and denial of information or knowledge as hereinbefore set forth with the same force and effect as if repeated at length herein.

5. Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6. Plaintiff was hired in February 2005 to operate the tractor and assist with hunts on the Defendants property. Except as thus stated, the allegations contained in Paragraph 6 of the Complaint are denied.

7. Defendant admits that in September 2005 Defendant hired Joel Norman to serve as the Quail Operations Manager, a position in which he supervised Plaintiff. Except as thus stated, the allegations contained in Paragraph 7 of the Complaint are denied.

8. Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9. Defendant admits that Plaintiff was terminated on or about December 29, 2005 and that Joel Norman did discuss with Plaintiff improperly taking home quail that had been killed in a prior hunt. Except as thus stated, the allegations contained in Paragraph 9 of the Complaint are denied.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

Defendant denies Plaintiff is entitled to the relief requested and demands strict proof of the damages alleged therein.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses without assuming the burden of proof for such defenses that would otherwise rest with Plaintiff:

## FIRST AFFIRMATIVE DEFENSE

Sedgefields Plantation was sold and the employment of all employees of Mid State Land & Timber Company, Inc. was terminated effective May 19, 2006.

## SECOND AFFIRMATIVE DEFENSE

Except to the extent expressly admitted herein, the allegations of the Complaint are denied.

## THIRD AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and correct promptly any discriminatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

## FOURTH AFFIRMATIVE DEFENSE

All actions with regard to Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory considerations.

### FIFTH AFFIRMATIVE DEFENSE

Any alleged adverse employment action taken by Defendant that might constitute a violation of § 1981 was done so without any knowledge, understanding, or appreciation of any risk that Defendant's employment actions were in violation of federal law.

### SIXTH AFFIRMATIVE DEFENSE

In all employment decisions concerning Plaintiff, Defendant engaged in good faith efforts to comply with applicable federal law.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages under the allegations of the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

There is no basis for holding Defendant liable for any alleged intentional acts of third parties.

### NINTH AFFIRMATIVE DEFENSE

Defendant pleads the doctrines of res judicata, estoppel, waiver, and laches.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent that he failed to mitigate his damages, his entitlement to which is expressly denied.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claimed damages are limited by, or Defendant's liability is precluded by, after acquired evidence of Plaintiff's wrongdoings sufficient to justify Plaintiff's termination.

### TWELFTH AFFIRMATIVE DEFENSE

Any award of punitive damages to Plaintiff in this case would violate the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the failure to comply with conditions precedent in bringing and maintaining this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims, or some of them, are barred by the statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are, or may be, barred because Plaintiff did not sustain any damages as a proximate result of any wrongdoing by Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot prove any discriminatory or unlawful conduct by Defendant; alternatively, even if Plaintiff could prove discriminatory or unlawful conduct by Defendant, which Plaintiff cannot, Defendant would have made the same decisions and taken the same actions without regard to any alleged discriminatory or unlawful motive.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for equitable relief are barred by his "unclean hands."

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or part, fails to state a claim upon which relief may be granted.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendant is not liable for punitive damages because the employee or employees who committed the allegedly discriminatory or retaliatory acts were not employed in a managerial capacity.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff is barred from the recovery of special damages because he has failed to plead such damages in a manner required by Fed. R. Civ. P. 9(g).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant is not liable for the acts of its employees or agents that are outside the line and scope of their employment or agency with Defendant.

                                                 Respectfully submitted,

                                                 /s/ Carter H. Dukes
                                                        Carter H. Dukes
                                                        Kimberly W. Geisler
                                                        Attorneys for Defendant
                                                        Mid State Land & Timber Co., Inc.,
                                                        d/b/a Sedgefields Plantation

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
(205) 251-2300

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing upon counsel of record by placing a copy of same in the United States mail, first class postage prepaid and addressed as follows:

>Jerry D. Roberson, Esq.
>Roberson & Roberson
>8 Office Park Circle
>Suite 150
>Birmingham, Alabama 35223

>Albert H. Adams, Jr., Esq.
>Irby Law Firm, LLC
>Post Office Box 910
>Eufaula, Alabama 36072

DONE this the 30th day of May, 2006.

>/s/ Carter H. Dukes
>Of Counsel

37637.1