IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **NORRIS FOSTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO:** |
| | ) | **2:06-CV-00405-ID-SRW** |
| **MID STATE LAND & TIMBER** | ) | |
| **COMPANY, INC., D/B/A** | ) | |
| **SEDGEFIELDS PLANTATION,** | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO COMPEL

COMES NOW Defendant Mid State Land & Timber Company, Inc. d/b/a Sedgefields Plantation ("Defendant"), pursuant to Rule 37 of the Federal Rules of Civil Procedure, and respectfully requests this Court overrule Plaintiff Norris Foster's ("Plaintiff") objections and compel Plaintiff to fully respond to Interrogatory No. 7 and Request for Production Nos. 16 and 21.  In support of this Motion, Defendant shows unto the Court the following:

1.     In his Complaint, Plaintiff asserts a claim of race discrimination against Defendant based upon the termination of his employment.  Plaintiff alleges that he has "suffered embarrassment, humiliation, mental distress, emotional pain, and mental anguish" as a result of Defendant's conduct.  (Compl. ¶ 14.)  Defendant denies Plaintiff's claim of discrimination and disputes Plaintiff's claimed damages.

2.     On June 2, 2006, Defendant served Plaintiff with Interrogatories and Requests for Production.  Copies of Defendant's Interrogatories and Requests for Production are attached hereto as Exhibit A.  The relevant Interrogatory and Requests for Production provide:

<u>Interrogatory</u>

7. Please identify all doctors, psychiatrists, counselors, medical care providers, and practitioners of the healing arts, who treated, saw, counseled, advised or examined you in the last ten years, and list all relevant dates on which you received treatment or were examined, and the medical condition or the symptoms for which you were treated or examined.

<u>Requests for Production</u>

16. Provide a signed Consent and Authorization for the Release of Records and Information directed to "Custodian of Records" (a form for which is attached to this Request as Exhibit 1) listing Huckaby Scott and Dukes, P.C., Birmingham, Alabama, as designated recipient of the information, which will then be directed to your medical providers.

21. Produce all documents that evidence, refer, or relate to any prescription for drugs received by you from January 1, 2003 to the present, whether filled or not, including documents evidencing the identity of the pharmacist, physician, and payment for the prescription drug.

3. On July 18, 2006, Plaintiff served Answers and Responses to Defendant's Interrogatories and Requests for Production. Copies of Plaintiff's Answers and Responses are attached hereto as Exhibit B. Plaintiff objected to Interrogatory No. 7 and Request for Production Nos. 16 and 21. As the basis for his objection, Plaintiff asserts that the information and documents sought are "not relevant." Plaintiff further states that he has not sought any medical treatment as a result of the alleged discrimination and has not received any prescription medication as a result of the alleged discrimination or his firing.

4. On August 7, 2006, pursuant to Rule 37 of the Federal Rules of Civil Procedure, Defendant requested that Plaintiff reconsider his objections and fully respond to Interrogatory No. 7 and Requests for Production Nos. 16 and 21. A copy of counsel's correspondence is attached hereto as Exhibit C.

5.  In response to Defendant's request, Plaintiff restated his objections, indicated his claim was for "garden variety mental anguish," and referred Defendant to *Stevenson v. Bostitch, Inc.*, 201 F.R.D. 551 (N.D. Ga. 2001), a case which discusses the standard for an independent medical examination and the federal psychotherapist-patient privilege. A copy of counsel's correspondence is attached hereto as Exhibit D. As it is apparent that the parties cannot reach an agreement as to whether information concerning Plaintiff's medical providers, Plaintiff's medical records and prescription history is discoverable, Defendant has filed this Motion to Compel.

6.  Rule 26 permits the parties to "obtain discovery regarding any matter, not privileged, which is relevant to the subject claim or defense of any party." FED. R. CIV. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

7.  Plaintiff's medical and prescription history are relevant to his claims for "garden variety" mental anguish regardless of whether he sought treatment for any mental anguish purportedly caused by Defendant. Specifically, the information sought will reveal: (1) whether and to what extent Plaintiff suffered from "mental distress, emotional pain, and mental anguish" prior to his termination from Defendant; (2) other causes of Plaintiff's "mental distress;" and (3) since Plaintiff claims that he did not seek any medical treatment because of any conduct of Defendant, other events or conditions that were sufficiently severe to prompt Plaintiff to seek medical treatment. Additionally, if Plaintiff was diagnosed or treated for a serious medical condition that would have precluded Plaintiff from working, Plaintiff's back pay damages could arguably be reduced during his period of incapacitation.

8. Contrary to Plaintiff's contention, the great weight of authority favors discovery of Plaintiff's medical history in these circumstances. In *Owens v. Sprint/United Management Company*, 221 F.R.D. 657 (D. Kan. 2004), the district court considered and rejected arguments identical to those made by Plaintiff in this case. Cami Owens asserted claims of gender and age discrimination relating to her demotion. 221 F.R.D. at 658. Owen's employer, via an interrogatory, sought information regarding the identity of Owens's medical providers, dates of treatment, and reasons for treatment. The employer also requested that Owens execute an authorization for release of health information and asked Owens to produce "all documents relating to any medical care, examination, treatment, therapy, group or individual counseling, or other health care" received in the last ten years. *Id.* at 658-59. Like Plaintiff, Owens objected to the discovery requests, stated that she had not sought medical treatment for any injury allegedly caused by her employer, and described her alleged damages as "garden variety" damages for mental anguish, emotional pain and distress. *Id.* at 659.

9. The *Owens* court overruled the objections, concluded the information sought was relevant, and granted the employer's motion to compel. The court made the following observation: "Generally, discovery requests seeking an employment discrimination plaintiff's medical and psychological records are held to be relevant as to both causation and the extent of plaintiff's alleged injuries and damages if plaintiff claims damages for emotional pain, suffering, and mental anguish." *Id.* Although Owens claimed she had not sought medical treatment for her distress and characterized her claims as "garden variety" emotional distress, the court determined that the information sought was nonetheless relevant to her "garden variety" claim and her employer's defenses. *Id.* at 660. The facts of this case compel the same conclusion.

10. The majority of courts to consider this discovery issue have concluded that a plaintiff's medical history is relevant to a claim of emotional distress and discoverable under the Rules. *See, e.g., Moore v. Chertoff*, No. 00-953, 2006 WL 1442447 (D.D.C. May 22, 2006) (granting motion to reconsider magistrate judge's order denying discovery of medical records based on plaintiffs' assurance that they would not offer medical testimony in support of their claims of distress because the magistrate's order was "contrary to the weight of authority"); *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005) ("[S]everal courts have found that medical records are relevant to claims of mental anguish in discrimination cases."); *Owens, supra*, at 660, n.7 (collecting cases granting discovery of medical information); *Garrett v. Sprint, PCS*, No. 00-2583-KHV, 2002 WL 181364, *2 (D. Kan. Jan. 31, 2002) ("The fact that Plaintiff is not planning to present expert testimony in support of her emotional distress claim does not make this [medical] information any less relevant."); *Sidor v. Reno*, No. 95-Civ-9588, 1998 WL 1645823, *2 (S.D.N.Y. Apr. 7, 1998) ("Defense counsel has a right to inquire into plaintiffs' pasts for the purpose of showing that their emotional distress was caused at least in part by events and circumstances that were not job related.").

11. The case cited by Plaintiff, *Stevenson v. Bostitch, Inc.*, 201 F.R.D. 551 (N.D. Ga. 2001), does not contradict the great weight of authority authorizing discovery of medical records and information in these circumstances. The court in *Stevenson* evaluated the standard for requiring an independent medical exam and the facts under which the federal psychotherapist-patient privilege may be waived. *Id.* at 553-54, 555-57. The standard for an independent medical exam does not

apply to this Court's assessment of the discoverablity of Plaintiff's medical providers,[1] medical records, and prescription history under Rule 26. Nor does Plaintiff's characterization of his claim as one for "garden variety" emotional distress exempt this information from discovery under Rule 26. *See Owens*, 221 F.3d at 660 (explaining that Owens's argument concerning the "garden variety" nature of her mental anguish claim "is more applicable in the context of a Rule 35 motion to compel physical and mental examinations").

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Court overrule Plaintiff's objections and compel Plaintiff to fully respond to Interrogatory No. 7 and Requests for Production Nos. 16 and 21.

Respectfully submitted,

/s/ Kimberly W. Geisler
Carter H. Dukes
Kimberly W. Geisler
Attorneys for Defendant
Mid State Land & Timber Co., Inc.,
d/b/a Sedgefields Plantation

---

[1] Even if Plaintiff had limited his objection to the disclosure of psychiatric information, and he did not, the disclosure of the existence of a therapist-patient relationship is not privileged. *See Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 230 (D.Mass.1997) (stating that "[f]acts regarding the very occurrence of psychotherapy, such as the dates of treatment, are not privileged"); *Kiermeier v. Woodfield Nissan, Inc.,* 1999 WL 759485, at *1 (N.D.Ill. Sept. 8, 1999) (dates of treatment, identity of psychotherapists not privileged). Indeed, "beyond facts showing the occurrence of psychotherapy, it appears any information which does not reveal the substance of a client's confidential communications with a therapist falls outside the scope of the [psychotherapist-patient] privilege." *See Vinson v. Humana, Inc.*, 190 F.R.D. 624, 627 (M.D. Fla. 1999).

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
(205) 251-2300

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Jerry D. Roberson, Esq.
> Roberson & Roberson
> 8 Office Park Circle
> Suite 150
> Birmingham, Alabama 35223
>
> Albert H. Adams, Jr., Esq.
> Irby Law Firm, LLC
> Post Office Box 910
> Eufaula, Alabama 36072

    DONE this the 14th day of August, 2006.

                                                     /s/ Kimberly W. Geisler
                                                     Of Counsel

38374.1