## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **NORRIS FOSTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO.:** |
| | ) | |
| **MID STATE LAND & TIMBER** | ) | **2:06-CV-00405-ID-SRW** |
| **COMPANY INC., D/B/A** | ) | |
| **SEDGEFIELDS PLANTATION,** | ) | |
| | ) | |
| **Defendant.** | | |

### DEFENDANT'S FIRST INTERROGATORIES TO PLAINTIFF

COMES NOW Defendant Mid State Land & Timber Company, Inc. d/b/a Sedgefields Plantation (hereafter referred to as "Defendant" or "Mid State"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, and propounds the following interrogatories upon Plaintiff Norris Foster ("Plaintiff" or "Foster"):

### INTRODUCTION

(a)     Each interrogatory seeks information available to Plaintiff, his attorneys or agents and all persons acting on their behalf. Each interrogatory shall be deemed to be continuing in the manner provided by law.

(b)     If any document or identification of any document is withheld under a claim of privilege, in order that the Court and the parties may determine the validity of the claim of privilege, Plaintiff should provide sufficient information to determine the identify of the document and, as well, state the basis for any asserted claim of privilege.

(c)     If Plaintiff objects to part of an interrogatory and refuses to answer that part, he should state his objection and answer the remaining portion of that interrogatory. If Plaintiff objects

to the scope or time period of an interrogatory and refuses to answer for that scope or time period, he should state his objection and answer the interrogatory for the scope or time period Plaintiff believes is appropriate.

(d)     If any of the following interrogatories cannot be answered in full after exercising due diligence to obtain the information, Plaintiff should so state and answer to the extent possible, specifying the inability to answer the remainder, and setting forth the information that is available concerning the unanswered portions. If the answers are qualified in any particular, the details of such qualification should be set forth.

## DEFINITIONS

For purposes of these interrogatories and as used herein, the following words shall have, and be construed with reference to, the following meanings and definitions:

(a)     "Communication" means any correspondence, contact, discussion, or written or oral exchange between any two or more persons.    Without limiting the foregoing, the term "communication" includes all letters, memoranda, telephone conversations, face-to-face conversations, meetings, visits and conferences.

(b)     "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

(c)     "Document" and "documents" shall mean all documents subject to discovery under the Federal Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, writing (including blind copies), letter, telegram, teletype, telex, telecopy, facsimile transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, charter, report, note (including,

2

but not limited to, notes used to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, worksheet, memorandum or tape recording of telephone conversation, witness (including, but not limited to, potential witness) statement, transcript, memorandum pertaining to witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross section, plan, expert analysis, computer printout, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, videotape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any other means of storage and/or transmission of human intelligence.

(d)    "Facts" include, but are not limited to, events, transactions, and occurrences, the location of such events, transactions, or occurrences, all of which relate to, concern, or are concerned with, in any way whatsoever, directly or indirectly, the interrogatory subject.

(e)    "Identify" when used in reference to a natural person shall mean to state his or his full name and current, or last known, residence address and telephone number, current employer, and current business address; when used with respect to a document (as herein defined), "identify" means to state the date, subject or substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction chart, etc.), its present location and the identity of each or its current custodians, and shall include every document with respect to which a privilege is or may be claimed; when used with respect to a communication (as herein defined), "identify" means to state the date, time and place such communication was made, the address and phone

3

number of every party and witness who were present, witnessed, or overheard such communication, and any documents (including recordings) relating to such communications.

(f)    "Person" or "individual" includes individuals, corporations, firms, sole proprietorships, partnerships, associations, trusts, and governmental agencies, bodies and officials.

(g)    "Relating to" means regarding, concerning, involving, in connection with, reflecting, referring to and/or appertaining to.

(h)    "You" and "your" shall mean Norris Foster or any persons, entities, agents, or representatives acting or purporting to act for or on your behalf.

(i)    "Defendant" shall mean Mid State Land & Timber Company, Inc. d/b/a Sedgefields Plantation or any persons, entities, agents, or representatives you contend act on its behalf.

## INTERROGATORIES

1.    Identify all persons having knowledge, directly or indirectly, of facts concerning the issues, claims and defenses in this lawsuit, and with respect to each such person, please set forth those facts of which the person has knowledge.

2.    Identify every person, other than your attorney, with whom you have mentioned, discussed, or communicated in any way about this lawsuit or the claims made in this lawsuit and identify every document evidencing such communication.

3.    Please identify every legal action in which you have participated, including criminal, civil, and bankruptcy cases, whether as a witness, party, expert, or other type of participant, and with respect to each legal action, please state:

(a)    the nature of your participation in the legal proceedings; and

4

(b)     the style of the case, including the name of the court and jurisdiction where the case was filed.

4.     Identify any and all documents you contend support your claims in this action.

5.     Identify each person, firm or corporation, including, but not limited to, Defendant, for whom you have worked from 1996 to the present, and further state or identify with particularity and specificity:

(a)     the kind of work done for with each such employer;

(b)     the date on which you began working for each such employer;

(c)     the amount of compensation received from each employer for your services;

(d)     on what date you stopped working for each such employer;

(e)     the reason you stopped working for each such employer; and

(f)     the name of your immediate supervisor at each place of employment.

6.     Identify each person from whom you or anyone acting on your behalf, has obtained written, recorded, or oral statement concerning or relating to the events alleged in your Complaint or evidence the claims made in the Complaint, and state the date on which such statement was obtained and who has possession of each such statement.

7.     Please identify all doctors, psychiatrists, counselors, medical care providers, and practitioners of the healing arts, who treated, saw, counseled, advised or examined you in the last ten years, and list all relevant dates on which you received treatment or were examined, and the medical condition or the symptoms for which you were treated or examined.

8.    If you have ever entered or been committed to any institution, either public or private, for the treatment or observation of mental conditions, alcoholism, chemical addiction, or disorders of any kind, please state the following:

       (a)    the name and address of each institution;

       (b)    the date and admittance and length of each stay;

       (c)    the reason for entry into such institution; and

       (d)    the name and address of the doctor(s) who treated you.

9.    With respect to the damages you claim in this action, state the following:

       (a)    whether the alleged injuries suffered are physical, mental or economic;

       (b)    whether the damages sought pursuant to each count are compensatory, punitive or both;

       (c)    For each "category" of damages you allege you have incurred in answer to interrogatory 10(a) and (b), please provide the total amount of monetary damages that you seek for each "category" and describe with particularity the entire calculation, step by step, setting forth each of the factors and figures upon which you rely to derive such amount of damages for each category;

       (d)    If any of the damages used in the calculations above are estimates, describe with particularity the precise and complete basis for each such estimate; and

       (e)    Identify each and every document relied upon in determining each amount.

10.    Identify all notes, diaries, or other writings made by you relating to your claims in this lawsuit.

6

11.     Identify every recording, whether audio or video, you have made of any employee or agent of Defendant or that otherwise evidences your claims in this lawsuit.

12.     Please identify each person you expect to call as an expert at the trial of this action and for each such person, provide the substance of that expert's expected testimony, identify all documents used by the expert to support his or her testimony, identify all reports or opinions issued or written by each expert, provide each and every curriculum vitae or resumé used by said expert within the last five years, and provide a list of all cases in which the expert has testified either by deposition or at trial within the last five years.

13.     Identify any nicknames, aliases, or other names which you have used and the period of time in which you used each name.

14.     If you have ever pled guilty to or been convicted of any crime other than a minor traffic violation, for each such conviction or guilty plea, state:

        (a)     the nature of the offense;

        (b)     the date of the offense;

        (c)     the county and state in which you were convicted, tried, or pled; and

        (d)     the sentence you received from your conviction or plea.

15.     Identify, by name and address, every entity that extended an offer of employment to you since January 1, 2000 and with regard to each offer extended, state the following:

        (a)     the date on which the offer of employment was made;

        (b)     the identity of the individual extending the offer;

        (c)     the terms of the offer; and

(d)    your response to the offer, the date when you relayed your response, and to whom you relayed your response.

16.    Identify every entity or individual from whom you have sought employment from January 1, 2000 to the present, regardless whether such employment was part time or temporary, and identify every document that evidences, refers, or relates to your efforts to seek such employment.

17.    Identify each and every source of income you have received from January 1, 2003 and for each source identified please state the amount of income received and the month in which it was received.

18.    If you have ever applied for social security benefits for an alleged disability, please state the basis of the claim, the nature of the disability, the extent of the disability, and the dates that the disability benefits began and were terminated.

19.    From 1996 to present, identify by month and year those periods where you maintained a valid driver's license, and if there were periods in which you did not have a valid driver's license, please describe with particularity the reasons for not having a valid driver's license.


Respectfully submitted,


_____
Carter H. Dukes
Kimberly W. Geisler
Attorneys for Defendant
Mid State Land & Timber Co., Inc.
d/b/a Sedgefields Plantation


8

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North
Suite 700
Birmingham, Alabama 35203
(205) 251-2300

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel of record by placing a copy of same in the United States mail, first class postage prepaid and addressed as follows:

Jerry D. Roberson, Esq.
Roberson & Roberson
8 Office Park Circle
Suite 150
Birmingham, Alabama 35223

Albert H. Adams, Jr., Esq.
Irby Law Firm, LLC
Post Office Box 910
Eufaula, Alabama 36072

DONE this the 2nd day of June, 2006.

Of Counsel

37718.1

9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **NORRIS FOSTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.:** |
| | ) | |
| **MID STATE LAND & TIMBER** | ) | **2:06-CV-00405-ID-SRW** |
| **COMPANY, INC., D/B/A** | ) | |
| **SEDGEFIELDS PLANTATION,** | ) | |
| | ) | |
| **Defendant.** | | |

## DEFENDANT'S FIRST REQUESTS FOR PRODUCTION
## OF DOCUMENTS TO PLAINTIFF

COMES NOW Defendant Mid State Land & Timber Company, Inc. d/b/a Sedgefields

Plantation (hereafter referred to as "Mid State" or "Defendant"), pursuant to Rule 34 of the Federal

Rules of Civil Procedure, and propounds the following requests for production upon Plaintiff Norris

Foster ("Plaintiff" or "Foster"):

### INTRODUCTION

(a)     Each discovery request seeks information or documents available to Plaintiff, his

attorneys or agents and all persons acting on their behalf. Each discovery request shall be deemed

to be continuing in the manner provided by law.

(b)     If any document or identification of any document is withheld under a claim of

privilege, in order that the Court and the parties may determine the validity of the claim of privilege,

Plaintiff should provide sufficient information to determine the identify of the document and, as

well, state the basis for any asserted claim of privilege.

(c)     If Plaintiff objects to part of discovery request and refuses to answer that part, he should state his objection and answer the remaining portion of that discovery request. If Plaintiff objects to the scope or time period of discovery request and refuses to answer for that scope or time period, he should state his objection and answer the discovery request for the scope or time period Plaintiff believes is appropriate.

(d)     If any of the following discovery requests cannot be answered in full after exercising due diligence to obtain the information, Plaintiff should so state and answer to the extent possible, specifying the inability to answer the remainder, and setting forth the information that is available concerning the unanswered portions. If the answers are qualified in any particular, the details of such qualification should be set forth.

## DEFINITIONS

For purposes of these requests for production and as used herein, the following words shall have, and be construed with reference to, the following meanings and definitions:

(a)     "Communication" means any correspondence, contact, discussion, or written or oral exchange between any two or more persons.   Without limiting the foregoing, the term "communication" includes all letters, memoranda, telephone conversations, face-to-face conversations, meetings, visits and conferences.

(b)     "Date" shall mean the exact day, month and year, if ascertainable, or, if not, the best approximation (including relationship to other events).

(c)     "Document" and "documents" shall mean all documents subject to discovery under the Federal Rules of Civil Procedure, and shall include, without limitation, every original and non-identical copy of each and every paper, writing (including blind copies), letter, telegram, teletype,

2

telex, telecopy, facsimile transmission, drawing, picture, photograph, negative, slide, movie, film, visual or audio transcription or record, memorandum, sketch, charter, report, note (including, but not limited to, notes used to prepare any letter, memorandum, report, or other document as herein defined), contract, agreement, change order, form, worksheet, memorandum or tape recording of telephone conversation, witness (including, but not limited to, potential witness) statement, transcript, memorandum pertaining to witness (including, but not limited to, potential witness) interview, sound recording, sound recording transcription, engineering study, cross section, plan, expert analysis, computer printout, diary, journal, ledger, work memorandum, report of investigation and/or inspection, file memorandum, brochure, book, microfilm, tape, videotape, magnetic storage medium, exhibit, attachment, draft, certificate, chart, table, testimony, transcript of testimony, affidavit, printed or readable material, and any other means of storage and/or transmission of human intelligence.

(d)     "Facts" include, but are not limited to, events, transactions, and occurrences, the location of such events, transactions, or occurrences, all of which relate to, concern, or are concerned with, in any way whatsoever, directly or indirectly, the discovery request subject.

(e)     "Identify" when used in reference to a natural person shall mean to state his or her full name and current, or last known, residence address and telephone number, current employer, and current business address; when used with respect to a document (as herein defined), "identify" means to state the date, subject or substance, author, all recipients, type of document (e.g., letter, telegram, memorandum, computer printout, sound reproduction chart, etc.), its present location and the identity of each or its current custodians, and shall include every document with respect to which a privilege is or may be claimed; when used with respect to a communication (as herein defined), "identify"

3

means to state the date, time and place each communication was made, the address and phon number of every party and witness who were present, witnessed, or overheard such communication, and any documents (including recordings) relating to such communications.

(f)    "Person" or "individual" includes individuals, corporations, firms, sole proprietorships, partnerships, associations, trusts, and governmental agencies, bodies and officials.

(g)    "Relating to" means regarding, concerning, involving, in connection with, reflecting, referring to and/or appertaining to.

(h)    "You" and "your" shall mean Norris Foster or any persons, entities, agents, or representatives acting or purporting to act for or on your behalf.

(i)    "Defendant" shall mean Mid State Land & Timber Company, Inc. d/b/a Sedgefields Plantation or any persons, entities, agents or representatives you contend act on its behalf.

## DOCUMENT REQUESTS

1.    Produce all documents that support your contentions in this case.

2.    Produce all documents containing, evidencing, referring to or relating to communications (whether written or oral) between you and Defendant, or any of its agents or employees, concerning or relating in any way to your employment with or termination from Defendant or the subject matter of this lawsuit.

3.    Produce all documents identified in response to Defendant's First Interrogatories to Plaintiff.

4.    Produce all documents referred to in responding to Defendant's First Interrogatories to Plaintiff.

4

5.    Produce all documents provided to or received from any expert witness whom you expect to call at trial, including all documents evidencing communications between you and your counsel on one hand and your expert witness on the other.

6.    Produce a copy of any lawsuit previously filed by or against you in the last fifteen years.

7.    Produce a copy of any document referring or relating to any reprimand received by you from any employer.

8.    Produce a copy of any document that you intend to introduce or refer to at the trial of this case.

9.    Produce every document which evidences, refers or relates to communications between you and any other individual, other than your lawyer, with whom you have consulted about the subject of this lawsuit.

10.    Produce each and every document which supports or relates to your claims for damages in this lawsuit, including, but not limited to, any damages relating to mental anguish, emotional distress and lost wages.

11.    Produce any and all tape recordings or statements of any witness relating to your employment with Defendant and your claims in this lawsuit.

12.    Produce any calendar, journal, diary, handwritten notes, or other memoranda which reference the allegations made in the Complaint or your employment with Defendant.

13.    Produce all tape recordings, whether audio or visual, or statements of any former or present employee or agent of Defendant.

14.    Produce all state and federal tax returns from 2000 to present, including all attachments thereto.

15.    Produce all documents that evidence, refer, or relate to your employment with and separation from Defendant.

16.    Provide a signed Consent and Authorization for the Release of Records and Information directed to "Custodian of Records" (a form for which is attached to this Request as Exhibit 1) listing Huckaby Scott and Dukes, P.C., Birmingham, Alabama, as designated recipient of the information, which will then be directed to your medical providers.

17.    Produce copies of all documents reflecting any job offer extended to you, or any effort by you to procure employment, while employed by Defendant or subsequent to your employment with Defendant or any of its affiliated companies, including, but not limited to, employment applications, resumés, correspondence, notes, memoranda, and documents from an prospective employer from which employment was sought regarding interviews, applications, offers of employment, and rejections of applications for employment.

18.    Produce all documents that evidence, refer, or relate to your application for unemployment compensation, welfare, or public assistance benefits, disability benefits, social security benefits, health insurance benefits, or other governmental or charitable benefits received by you from January 1, 2003 to present.

19.    Produce copies of all documents that evidence, refer, or relate to any other sources of income received by you from January 1, 2003 to the present, including, but not limited to, unemployment compensation, "welfare" or "public assistance" benefits, disability benefits, social

security benefits, health insurance benefits, or other governmental or charitable benefits received by you.

20.     Produce all W-2 forms, 1099's, paycheck stubs and all other documents reflecting the sources, amounts and changes in amounts of your income from any source other than Defendant, from and including 1999 to the present.

21.     Produce all documents that evidence, refer, or relate to any prescription for drugs received by you from January 1, 2003 to the present, whether filled or not, including documents evidencing the identity of the pharmacist, physician, and payment for the prescription drug.

22.     Produce a copy of any driver's license held by you.

Respectfully submitted,

Carter H. Dukes
Kimberly W. Geisler
Attorneys for Defendant
Mid State Land & Timber Co., Inc.
d/b/a Sedgefields Plantation

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North
Suite 700
Birmingham, Alabama  35203
(205) 251-2300

7

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel of record by placing a copy of same in the United States mail, first class postage prepaid and addressed as follows:

<div style="margin-left:3em">

Jerry D. Roberson, Esq.
Roberson & Roberson
8 Office Park Circle
Suite 150
Birmingham, Alabama 35223

Albert H. Adams, Jr., Esq.
Irby Law Firm, LLC
Post Office Box 910
Eufaula, Alabama 36072

</div>

DONE this the 2nd day of June, 2006.

Of Counsel

37715.1

8

## EXHIBIT A

## CONSENT AND AUTHORIZATION
## FOR THE RELEASE OF RECORDS AND INFORMATION

**TO:    Custodian of Records**

**RE:    NORRIS FOSTER**
**Date of Birth: 6/13/58**
**Social Security No.: XXX-XX-0387**

You are hereby authorized to furnish to Carter H. Dukes, of the law firm of Huckaby Scott & Dukes, P.C., 2100 Third Avenue North, Suite 700, Birmingham, Alabama 35203, the following information:

> Admission information sheet, clinical summary, consultation report(s), date(s) of treatment, diagnosis(es), discharge summary, EKG/EEG report(s), history and physical, laboratory results, medication record(s), physicians' orders, progress notes/reports, psychological assessment, treatment plans/goals, and any and all medical documents in your possession relating to the above-referenced individual concerning treatment received at any time for the purpose of a pending legal matter against Mid State Land & Timber Company, Inc. d/b/a Sedgefields Plantation.

I understand that I may revoke this consent at any time by giving written notice except to the extent that action has been taken in response to this authorization. If no prior notice of revocation is received, this consent will expire automatically two (2) years from the date this authorization is given. I understand that the confidentiality of this information is protected by Federal and State law(s) and cannot be released without my written consent. Foreseeable risks that may arise due to the release of this information have been explained to me.

This authorization and request is fully understood and is made voluntarily on my part on this _____ day of _____, 2006.

_____
Norris Foster

9

**EXHIBIT B**

## CONSENT AND AUTHORIZATION
### FOR THE RELEASE OF RECORDS AND INFORMATION

**TO:**   **Alabama Department of Industrial Relations**
**Custodian of Records**

**RE:**   **NORRIS FOSTER**
**Date of Birth: 6/13/58**
**Social Security No.: XXX-XX-0387**

You are hereby authorized and requested to furnish to Carter H. Dukes, of the law firm of Huckaby Scott & Dukes, P.C., 2100 Third Avenue North, Suite 700, Birmingham, Alabama 35203, the following information:

Any and all records or other documents of any nature, prepared at any time that evidence, refer or relate to Norris Foster, Social Security Number: XXX-XX-0387, Date of Birth: 6/13/58, and her application for unemployment compensation benefits from Mid State Land & Timber Company, Inc. d/b/a Sedgefields Plantation, including, but not limited to, applications, supporting documentation, records of benefits received, memoranda, notes, determinations, transcripts, appeal petitions, and correspondence.

This authorization and request is fully understood and is made voluntarily on my part on this _____ day of _____, 2006.

_____
Norris Foster

10

Form Approved
OMB No. 0960-0566

**Social Security Administration**
Consent for Release of Information

**TO:**   Social Security Administration

| Norris Foster | 6/13/58 | XXX-XX-0387 |
|---|---|---|
| Name | Date of Birth | Social Security Number |

I authorize the Social Security Administration to release information or records about me to:

|              NAME | ADDRESS |
|---|---|
| Carter H. Dukes and the law firm of | 2100 Third Avenue North |
| Huckaby Scott & Dukes, P.C. | Suite 700 |
| | Birmingham, Alabama  35203 |

I want this information released because:
Norris Foster v. Mid State Land & Timber Company, Inc. d/b/a Sedgefield Plantation In
the United States District Court For the Middle District of Alabama Northern Division
Case No.: 2:06-CV-00405-ID-SRW
(There may be a charge for releasing information.)

Please release the following information:

_____   Social Security Number
_X_   Identifying information (includes date and place of birth, parents' names)
_X_   Monthly Social Security benefit amount
_X_   Monthly Supplemental Security Income payment amount
_X_   Information about benefits/payments I received from _____ to _____
_X_   Information about my Medicare claim/coverage from _____ to _____
         (specify) _____
_X_   Medical records
_X_   Record(s) from my file (specify) _____
         _____
_X_   Other (specify) Any and all records or other documents of any nature, prepared
at any time that evidence, refer or relate to Norris Foster _____

I am the individual to whom the information/record applies or that person's
parent (if a minor) or legal guardian.  I know that if I make any representation
which I know is false to obtain information from Social Security records, I could
be punished by a fine or imprisonment or both.

Signature: _____
(Show signatures, names, and address of two people if signed by mark.)
Date: _____   Relationship: _____

Form **SSA-3288**   (2-1991) EF (1-2001)

Form Approved
OMB No. 0960-0566

**Social Security Administration**

Consent for Release of Information

Please read these instructions carefully before completing this form.

| | |
|---|---|
| **When to Use This Form** | **Compete this form only if you want the Social Security Administration to give information or records about you to an individual or group (for example, a doctor or an insurance company).** |

**Natural or adoptive parents or a legal guardian, acting on behalf of a minor**, who want us to release the minor's:
- **nonmedical** records, should use this form.
- medical records, should not use this form, but should contact us.

Note: Do not use this form to request information about your earnings or employment history. To do this, complete Form SSA-7050-F3. You can get this form at any Social Security office.

**How to Complete This Form**

This consent form must be completed and signed only by:
- the person to whom the information or record applies, or
- the parent or legal guardian of a minor to whom the **nonmedical** information applies, or
- the legal guardian of a legally incompetent adult to whom the information applies.

To complete this form:
- Fill the name, date of birth, and Social Security Number of the person to whom the information applies.
- Fill in the name and address of the individual or group to which we will send the information.
- Fill in the reason you are requesting the information.
- Check the type(s) of information you want us to release.
- Sign and date the form. If you are not the person whose record we will release, please state your relationship to that person.

**PAPERWORK REDUCTION ACT:** This information collection meets the clearance requirements of 44 U.S.C. §3507, as amended by Section 2 of the Paperwork Reduction Act of 1995. You are not required to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take you about 3 minutes to read the instructions, gather the necessary facts, and answer the questions.

Form **SSA-3288** (2-1991) EF (1-2001)