IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORRIS FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: |
| ) | |
| MID STATE LAND & TIMBER ) | 2:06-CV-00405-ID-SRW |
| COMPANY, INC., D/B/A ) | |
| SEDGEFIELDS PLANTATION, ) | |
| ) | |

## PLAINTIFF'S ANSWERS TO INTERROGATORIES

COMES NOW the Plaintiff, Norris Foster, and for answer to the interrogatories propounded by the Defendant, Mid-State Land & Timber, responds as follows:

1. Identify all persons having knowledge, directly or indirectly, of facts concerning the issues, claims and defenses in this lawsuit, and with respect to each such person, please set forth those fact s which the person has knowledge.

**ANSWER:** Please see the individuals identified in Plaintiff's Initial Disclosures. These are people I worked with and would have knowledge concerning the working environment and my pay. I also worked with Henry Tolbert, who lives in Midway.

2. Identify every person, other than your attorney, with whom you have mentioned, discussed, or communicated in any way about this lawsuit or the claims made in this lawsuit and identify every document evidencing such communication.

**ANSWER:** I have only told Jeffrey Harris that I had a lawyer. I also told Willie Mack that I thought I was treated differently based on my race.
Jeffrey Harris has signed an Affidavit which has been provided.

3. Please identify every legal action in which you have participated, including criminal, civil, and bankruptcy cases, whether as a witness, party, expert, or other type of participant, and with respect to each legal action, please state:

a) the nature of your participation in the legal proceedings; and

b) the style of the case, including the name of the court and jurisdiction where the case was filed.

**ANSWER:** **I have never filed for bankruptcy. I have never sued anyone other than Sedgefields'. I have been involved in criminal proceedings. Please see my answer to No. 14.**

4. Identify any and all documents you contend support your claims in this action.

**ANSWER:** **The only documents that I presently have in my possession are some of my pay checks and my W-2's. My attorneys have provided you with an Affidavit from Jeffrey Harris. Discovery is continuing and I will supplement this response.**

5. Identify each person, firm or corporation, including but not limited to, Defendant, for whom you have worked from 1996 to the present, and further state or identify with particularity and specificity:

a) the kind of work done for with each such employer;

b) the date on which you began working for each such employer;

c) the amount of compensation received from each employer for your services;

d) on what date you stopped working for such employer;

e) the reason you stopped working for each such employer; and

f) the name of your immediate supervisor at each place of employment.

**ANSWER:** **From 1993 to 2001, I worked for Sedgefields Plantation. From 1993 until Mr. Broadhead purchased it, I was paid in cash. I did not receive a W-2 or any pay stubs. After the purchase by Mr. Broadhead, I was**

> paid with a pay stub and a W-2. I worked at Sedgefields until 2001 when I was laid off. I worked as a general laborer, driving a tractor.
> After I was laid off, I worked for Bonnie Plant Farms for a few months performing general labor. I received a 1099. I think it was in 2001, I began to work at Frog Pond Turf in Hurtsboro, Alabama. I drove a tractor and fork lift and performed general labor. I worked there until sometime in 2004.
> I returned to work at Sedgefields Plantation, I believe in December of 2004. I worked there until I was fired in December of 2005. I worked in the hunting crew and drove a tractor. My supervisor at the time of my termination was Joel Norman.

6. Identify each person from whom you or anyone acting on your behalf, has obtained written, recorded or oral statement concerning or relating to the events alleged in your complaint or evidence the claims made in the complaint, and state the date on which such statement was obtained and who has possession of each such statement.

**ANSWER:** Please see the Affidavit from Jeffrey Harris. I do not have any other written statements.

7. Please identify all doctors, psychiatrists, counselors, medical care providers, and practitioners of the healing arts, who treated, saw, counseled, advised or examined you in the last ten (10) years, and list all relevant dates on which you received treatment or were examined, and the medical condition or the symptoms for which you were treated or examined.

**ANSWER:** Objection. Not relevant. I do not claim that I sought any medical treatment as a result of the discrimination I suffered or because of my firing.

8. If you have ever entered or been committed to any institution, either public or private, for the treatment or observation of mental conditions, alcoholism, chemical addiction, or disorders of any kind, please state the following:

   a) the name and address of each institution;

    b)    the date and admittance and length of each stay;

    c)    the reason for entry into such institution; and

    d)    the name and address of the doctor(s) who treated you.

**ANSWER:** **Objection, not relevant. See answer No. 7. I deny that I have ever been admitted for any type of mental, alcohol, or substance abuse treatment.**

9. With respect to the damages you claim in this action, state the following:

    a)    whether the alleged injuries suffered are physical, mental or economic;

    b)    whether the damages sought pursuant to each count are compensatory, punitive or both;

    c)    For each "category" of damages you allege you have incurred in answer to interrogatory 10(a) and (b), please provide the total amount of monetary damages that you seek for each "category" and describe with particularity the entire calculation, step by step, setting forth each of the factors and figures upon which you rely to derive such amount of damages for each category;

    d)    If any of the damages used in this calculations above are estimates, describe with particularity the precise and complete basis for each such estimate; and

    e)    Identify each and every document relied upon in determining each amount.

**ANSWER:** **See initial disclosures. I do claim mental anguish. I do seek both compensatory and punitive damages. If I am successful and a prevailing party, I will ask for attorneys' fees and costs. I am also claiming back-pay at the rate of $7.50 per hour since my discharge. I have not worked for anyone since I was fired. My back-pay claim, through June 22, 2006 is approximately $7,670.00. This assumes I have not worked for 25 ½ weeks and that I was making $7.50 an hour times 40 hours per week.**

10. Identify all notes, diaries, or other writings made by you relating to your claims in this lawsuit.

**ANSWER:**   None.

11.   Identify every recording, whether audio or video, you have made of any employee or agent of Defendant or that otherwise evidences your claims in this lawsuit.

**ANSWER:   I have made no recordings to date.  My attorney may record the depositions he takes in this case.**

12.   Please identify each person you expect to call as an expert at the trial of this action and for each such person, provide the substance of that expert's expected testimony, identify all documents used by the expert to support his or her testimony, identify all reports or opinions used or written by each expert, provide each and every curriculum vitae or resume used by said expert within the last five years, and provide a list of all cases in which the expert has testified either by deposition or at trial within the last five years.

**ANSWER:   I have not retained an expert.**

13.   Identify any nicknames, aliases, or other names which you have used and the period of time in which you used each name.

**ANSWER:   I have had the following nicknames during my life, Bull, Boar Hog, and Nod.  When I was born my Birth Certificate said Norris Jordan.  I have had my name legally changed to Norris Foster.**

14.   If you have ever pled guilty to or been convicted of any crime other than a minor traffic violation, for each such conviction or guilty plea, state:

    a)   the nature of the offense;

    b)   the date of the offense;

    c)   the county and state in which you were convicted, tried, or pled; and

    d)   the sentence you received from your conviction plea.

**ANSWER:** I have had two child support actions brought against me. One was by Agnes Lee in Bullock County in 1984. The other was by Mary Jenkins in Bullock County in 2002. I was convicted of assault in the third degree, a misdemeanor, in Bullock County from a 1989 charge. I was convicted of failure to appear in 1998 on a municipal charge. I have been charged with other offenses but the charges were all dismissed to my knowledge. All these were in Bullock County. I have had some traffic convictions and failures to appear under the name of Norris Jordan.

15. Identify, by name and address, every entity that extended an offer of employment to you since January 1, 2000 and with regard to each offer extended, state the following:

    a) the date on which the offer of employment was made;

    b) the identity of the individual extending the offer;

    c) the terms of the offer; and

    d) your response to the offer, the date when you relayed your response, and to whom you relayed your response.

**ANSWER:** Please see my answer to interrogatory No. 5. I have not been offered a job since my firing at Sedgefields. I have not worked since that time other than odd jobs or helping a friend.

16. Identify every entity or individual from whom you have sought employment from January 1, 2000 to the present, regardless whether such employment was part time or temporary; and identify every document that evidences, refers or relates to your efforts to seek such employment.

**ANSWER:** Enon Plantation, Midway Alabama. I sought full time employment as a general laborer and talked to Cameron Lanier.
    I sought work as a general laborer for Sehoi Plantation in Midway, Alabama. I met with an individual who said he was the manager.
    I applied for work at Panther Creek Plantation in Rutland,

>Alabama. I met with a man named Frank.
>
>I applied at Cornerstone Plantation in Union Springs. I talked to Mark Griggs.
>
>I applied for a general laborer position at White Oak Plantation in Tuskegee, Alabama. I spoke with the manager there.
>
>I applied at Southern Outdoor Sports in Union Springs. I met with Tony Gibson.
>
>I applied for a construction job, but I do not know the name of the company where I applied. I am continuing to look for work and apply for jobs in the hunting industry.

17. Identify each and every source of income you have received from January 1, 2003 and for each source identified please state the amount of income received and the month in which it was received.

**ANSWER:** **My income was from Sedgefields and prior to that Frog Pond Turf. I have given you copies of my W-2's.**

18. If you have ever applied for social security benefits for an alleged disability, please state the basis of the claim, the nature of the disability, the extent of the disability, and the dates that the disability benefits began and were terminated.

**ANSWER:** **I have never applied for social security disability.**

19. From 1996 to the present, identify the month and year those periods where you maintained a valid driver's license, and if there were periods in which you did not have a valid driver's license, please describe with particularity the reasons for not having a valid driver's license.

**ANSWER:** **I did not have a valid driver's license during this time period.**

_____
Norris Foster

STATE OF ALABAMA    )
~~BULLOCK~~ COUNTY    )
Barbour

Sworn to and subscribed before me on this the ___ day of June, 2006.

_____
Notary Public

MY COMMISSION EXPIRES:

6/28/08

_____
Jerry Roberson (ROB010)
Attorney for Plaintiff

OF COUNSEL:
ROBERSON & ROBERSON
8 Office Park Circle, Suite 150
Birmingham, Al 35223
Telephone: (205) 871-1115
Facsimile: (205) 871-5115

Albert Adams
Russell Irby Law Firm
257 West Broad Street
Eufaula, AL 36027-0910

## CERTIFICATE OF SERVICE

      I hereby certify that I have served counsel for all parties to this action with a copy of the foregoing document by depositing same in the United States mail, properly addressed with postage thereon pre-paid, on this the ___18th___ day of July, 2006.

Carter H. Dukes, Esq.
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203

*[signature]*
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORRIS FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: |
| ) | |
| MID STATE LAND & TIMBER ) | 2:06-CV-00405-ID-SRW |
| COMPANY, INC., D/B/A ) | |
| SEDGEFIELDS PLANTATION, ) | |
| ) | |

### PLAINTIFF'S RESPONSES TO
### DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW the Plaintiff, Norris Foster, and for response to the Defendant, Mid-State Land & Timber's, request for production of documents filed in this case, responds as follows:

1. Produce all documents that support your contentions in this case.

**RESPONSE:** **I enclose a copy of my W-2's for 2004 and 2005 which are Bates stamped 0001- 0002. I enclose a copy of my pay stubs in my possession as numbers 0003 - 0006. I enclose a copy of Jeffrey Harris' Affidavit which is 0007- 0009.**

2. Produce all documents containing, evidencing, referring to or relating to communications (whether written or oral) between you and Defendant, or any of its agents or employees, concerning or relating in any way to your employment with or termination from Defendant or the subject matter of this lawsuit.

**RESPONSE:** **Please see Affidavit of Jeffrey Harris.**

3. Produce all documents identified in response to Defendant's First Interrogatories to Plaintiff.

**RESPONSE:** **Produced.**

4. Produce all documents referred to in responding Defendant's First Interrogatories to Plaintiff.

**RESPONSE:**   **Produced.**

5. Produce all documents provided to or received from any expert witness whom you expect to call at trial, including all documents evidencing communications between you and your counsel on one hand and your expert witness on the other.

**RESPONSE:**   **I have not provided any documents nor received any from any expert witness.**

6. Produce a copy of any lawsuit previously filed by or against you and your counsel on one hand and your expert witness on the other.

**RESPONSE:**   **I have never filed a lawsuit before. I have been sued for child support in Bullock County but I do not have copies of those papers.**

7. Produce a copy of any document referring or relating to any reprimand received by you from any employer.

**RESPONSE:**   **I do not have any written document regarding a reprimand I received from any employer.**

8. Produce a copy of any document that you intend to introduce or refer to at the trial of this case.

**RESPONSE:**   **I will comply with these court's scheduling order regarding exhibits.**

9. Produce every document which evidences, refers or relates to communications between you and any other individual, other than your lawyer, with whom you have consulted about the subject of this lawsuit.

**RESPONSE:**   **Discovery is continuing and I will likely get some additional exhibits as it progresses. The only document I have which is**

responsive to this request is the Affidavit of Jeffrey Harris. It has been produced.

10. Produce each and every document which supports or relates to your claims for damages in this lawsuit, including but not limited to damages relating to mental anguish, emotional distress and lost wages.

**RESPONSE:** **I am producing my pay stubs and my W-2's for 2004 and 2005, along with Mr. Harris' Affidavit.**

11. Produce any and all tape recordings or statements of any witnesses relating to your employment with Defendant and your claims in this lawsuit.

**RESPONSE:** **I do not have any tape recordings or statements other than Mr. Harris' Affidavit.**

12. Produce any calendar, journal, diary, handwritten notes, or other memoranda which reference the allegation made in the Complaint or your employment with Defendant.

**RESPONSE:** **None.**

13. Produce all tape recordings, whether audio or visual, or statements of any former or present employee or agent of Defendants.

**RESPONSE:** **None.**

14. Produce all state and federal tax returns from 2000 to present, including all attachments thereto.

**RESPONSE:** **I have provided copies of my W-2's for the years 2004 and 2005. I did not file tax returns for the last several years.**

15. Produce all documents that evidence, refer, or relate to your employment with and separation from Defendant.

**RESPONSE** **I do not have any documents, as Sedgefields did not provide me with any documents about my firing.**

16. Provide a signed Consent and Authorization for the Release of Records and Information directed to "Custodian of Records" (a form for which is attached to this Request as Exhibit 1) listing Huckaby, Scott and Dukes, P.C., Birmingham, Alabama, as designated recipient of the information, which will then be directed to your medical providers.

**RESPONSE:** **I object to providing a release for my medical records as this is not relevant. I do not claim that I have received any medical treatment as a result of the discrimination from Sedgefields or my firing.**

17. Produce copies of all documents reflecting any job offer extended to you, or any effort by you, to procure employment, while employed by the Defendant or subsequent to your employment with the Defendant or any of its affiliated companies, including, but not limited to, employment applications, resumes, correspondence, notes, memoranda, and documents from a prospective employer from which employment was sought regarding interviews, applications, offers of employment, and rejections for applications for employment.

**RESPONSE:** **No one has offered me a job. I do not have copies of the applications. I have listed where I applied for work.**

18. Produce all documents that evidence, refer or relate to your application for unemployment compensation, welfare, or public assistance benefits, disability benefits, social security benefits, health insurance benefits, or other governmental or charitable

benefits received by you from January 1, 2003 to present.

**RESPONSE:** I do not have any documents. I applied for unemployment but did not receive it. I have not applied for any other benefits.

19. Produce copies of all documents that evidence, refer or relate to any other sources of income received by you from January 1, 2003 to the present, including but not limited to, unemployment compensation, "welfare" or "public assistance" benefits, disability benefits, social security benefits, health insurance benefits, or other governmental or charitable benefits received by you.

**RESPONSE:** I have not had any income other than from Sedgefields since 2004. I did work at the Frog Pond Turf Farm in 2003 and 2004. I have provided my W-2's for the years 2004 and 2005.

20. Produce all W-2 forms, 1099's, paycheck stubs, and all other documents reflecting the sources, amounts and changes in amounts of your income from any source other than Defendant from and including 1999 to the present.

**RESPONSE:** I have provided my pay check stubs in my possession and W-2's for 2004 and 2005.

21. Produce all documents that evidence, refer, or relate to any prescription for drugs received by you from January 1, 2003 to the present, whether filled or not, including documents evidencing the identity of the pharmacists, physician, and payment for the prescription drug.

**RESPONSE:** Objection, not relevant. I am not claiming that I have received any medicine as a result of the discrimination I suffered or my firing.

22. Produce a copy of any driver's license held by you.

**RESPONSE:** I do not have driver's license at present.

_____
Jerry Roberson
Attorney for Plaintiff
ROBERSON & ROBERSON
8 Office Park Circle, Suite 150
Birmingham, Alabama 35223
Telephone: (205) 871-1115
Facsimile: (205) 871-5115

OF COUNSEL:
Albert H. Adams, Esq.
RUSSELL IRBY LAW FIRM
P.O. Box 910
Eufaula, Al. 36072

## CERTIFICATE OF SERVICE

I hereby certify that I have served counsel for all parties to this action with a copy of the foregoing document by depositing same in the United States mail, properly addressed with postage thereon pre-paid, on this the 16th day of July, 2006.

Carter H. Dukes, Esq.
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203

_____
OF COUNSEL