IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **NORRIS FOSTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO:** |
| | ) | **2:06-CV-00405-ID-SRW** |
| **MID STATE LAND & TIMBER** | ) | |
| **COMPANY, INC., D/B/A** | ) | |
| **SEDGEFIELDS PLANTATION,** | ) | |
| | ) | |
| Defendant. | ) | |

**EMERGENCY MOTION FOR INDEPENDENT EXAMINATION**[1]

COMES NOW Defendant Mid State Land & Timber Company, Inc. d/b/a Sedgefields Plantation ("Defendant"), pursuant to Rule 35 of the Federal Rules of Civil Procedure, and respectfully requests this Court compel Plaintiff Norris Foster ("Plaintiff") to submit to a hair sample drug screening test at Drug Testing Services in Montgomery, Alabama within two business days of this Court's Order. In support of this Motion, Defendant shows unto the Court the following:

1. Plaintiff's employment with Defendant was terminated on or about December 30, 2005. On May 19, 2006, all employees of Defendant were terminated when Sedgefield's Plantation was sold to Tolleson Land & Timber ("Tolleson"). Affidavit of David Carroll, attached hereto as Exhibit A, ¶ 2. Defendant contends that if Plaintiff were to prevail as to his claim against

---

[1] This Motion requests that this Court order Plaintiff to submit to a hair sample drug test. As the body continuously metabolizes illegal substances, time is of the essence. Accordingly, to preserve critical evidence, Defendant respectfully requests that this Court consider this Motion at the earliest possible opportunity.

Defendant, any back pay damages would be limited to the time period between December 30, 2005 and May 19, 2006 because there is no dispute that Plaintiff's employment with Defendant would have been terminated May 19, 2006.

2. Plaintiff disputes this contention and seeks back pay damages from Defendant beyond May 19, 2006 as well as front pay damages. *See* Plaintiff's Answers to Interrogatories, attached hereto as Exhibit B, at No. 9.

3. Defendant's successor, Tolleson, has a mandatory drug testing program for new hires. Carroll Aff. ¶ 2. If an individual refuses or fails a drug test, he cannot be employed by Tolleson. *Id.* Tolleson required all the individuals selected for employment after the sale of Sedgefield's Plantation in May 2006 to submit to a mandatory drug test. *Id.* Pursuant to Tolleson's policy, any individual who refused the test or tested positive for illegal substances was not hired. *Id.* If Plaintiff had been selected for employment with Tolleson, he would have been required to submit to a drug test and excluded from employment for either refusing the test or testing positive for illegal drugs. *Id.*

4. If this Court presumes that Plaintiff would have been selected for employment with Tolleson, assumes Plaintiff would have passed the drug test administered by Tolleson, and awards damages after May 19, 2006, then Plaintiff would be placed in a better position that his coworkers, all of whom were terminated by Defendants, evaluated and selected for employment by Tolleson, and required to submit to a drug test a condition of employment. This is contrary to the law. *See Nord v. U.S. Steel Corp.* 758 F.2d 1462, 1473 (11th Cir. 1985) (explaining that the plaintiff should not be placed in a better position that she would have been absent the alleged discrimination and noting that if all employees were laid off at the time the office where plaintiff was employed was

closed then "defendant's period of liability for either front pay or reinstatement ended at the time of the closure").

5.     If conducted expeditiously, a drug test utilizing a hair sample may detect drug use a far back as May 2006.  Declaration of Philip Bumpers, attached hereto as Exhibit C, ¶ 3.  This proposed method of testing is painless and the results are accurate.  Bumpers Decl. ¶ 3.  Drug Test Services, the facility proposed to administer the test, is the only drug testing facility in Alabama that is accredited by the Drug & Alcohol Testing Industry Association.  Bumpers Decl. ¶ 2.  Philip Bumpers, the individual who would administer the test, is certified under all applicable drug testing laws and has over sixteen years of experience in the drug testing field.  Bumpers Decl. ¶ 1.  Indeed, all examiners employed by Drug Test Services are certified in drug testing.  Bumpers Decl. ¶ 2.

6.     Rule 35 of the Federal Rules of Civil Procedure provides:  "When the mental or physical condition (including the blood group) of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by licensed or certified examiner or to produce for examination the person in the party's custody or control."

7.     As Plaintiff apparently contends that he was eligible for employment with Tolleson and it is undisputed that employment with Tolleson was contingent upon taking and passing a drug test, a dispute exists as to whether Plaintiff could have passed the drug test that was a mandatory prerequisite to employment with Tolleson.  Plaintiff's physical and mental condition, namely that he was drug free as of May 2006, is in controversy.  Any presumption in Plaintiff's favor as to this controversy would place him in a better position that those former employees of Defendant that were

selected for employment with Tolleson.[2]  A hair sample drug test, testing for those substances considered by Tolleson, would provide information that is relevant to Defendant's defense to Plaintiff's claimed damages and critical to resolving this controversy.  The test would be administered by certified drug testing professionals at Drug Test Services, 433 St. Luke's Drive, Montgomery, Alabama, 36117, within five (5) days of this Court's Order.

      8.      A examination under Rule 35 should be ordered upon a showing of "good cause."  FED. R. CIV. P. 35(a).  Good cause exists in this case because the requested examination could significantly reduce Plaintiff's recoverable damages and provide further support for Defendant's position that this case concerns, at most, back pay damages for a five month time period.  Without this immediate examination, Defendant cannot verify the truth of Plaintiff's claim that he would have passed the drug test that was a condition for employment with Tolleson.  *See, e.g.*, *Ali v. Wang Laboratories, Inc.,* 162 F.R.D. 165, 168 (M.D. Fla. 1995) (finding "good cause" for mental examination even though plaintiff did not intend to offer expert testimony as to his condition and explaining that "[w]hile plaintiff may be content to offer only his own testimony to a jury, defendant is not compelled to limit its case to mere cross examination ... .[I]t is essential for defendant to have the reasonable opportunity to challenge plaintiff's claim and testimony.").  Defendant is not aware of any alternative, less intrusive method to verify this information.

---

[2] At least one individual hired by Tolleson in May 2006 was denied employment because he failed the mandatory drug test.  Carroll Aff. ¶ 3.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Court Plaintiff to appear with proper photo identification at Drug Test Service, 433 St. Luke's Drive, Montgomery, Alabama 36117 and submit to a hair sample drug test by Philip Bumpers, a certified examiner, or his agent with equivalent qualifications, within two days of this Court's Order.

    Respectfully submitted,

    /s/ Kimberly W. Geisler
    Carter H. Dukes
    Kimberly W. Geisler
    Attorneys for Defendant
    Mid State Land & Timber Co., Inc.,
    d/b/a Sedgefields Plantation

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
(205) 251-2300

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Jerry D. Roberson, Esq.
>Roberson & Roberson
>8 Office Park Circle
>Suite 150
>Birmingham, Alabama 35223
>
>Albert H. Adams, Jr., Esq.
>Irby Law Firm, LLC
>Post Office Box 910
>Eufaula, Alabama 36072

DONE this the 15th day of August, 2006.

>/s/ Kimberly W. Geisler
>Of Counsel

38387.1