IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **NORRIS FOSTER,** | ) | |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO:** |
| | ) | **2:06-CV-00405-ID-SRW** |
| **MID STATE LAND & TIMBER** | ) | |
| **COMPANY, INC., D/B/A** | ) | |
| **SEDGEFIELDS PLANTATION,** | ) | |
| | ) | |
|     **Defendant.** | ) | |

**MOTION FOR PROTECTIVE ORDER**

COMES NOW Defendant Mid State Land & Timber Company, Inc. d/b/a Sedgefields Plantation ("Defendant"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and respectfully requests this Court enter a protective order to prohibit counsel for Plaintiff Norris Foster from videotaping the depositions of Joel Norman and David Carroll on September 8, 2006. In support of this Motion, Defendant shows unto the Court the following:

1.    Plaintiff has noticed the depositions of Joel Norman and David Carroll for September 8, 2006. The deposition notices provide that an "additional recording will be made using a video camera operated by" Plaintiff's counsel. Copies of the deposition notices are attached hereto as Exhibit A. Prior to filing this Motion, counsel for Defendant conferred with Plaintiff's counsel and voiced Defendant's objection to operation of the video camera by an interested party, namely, Plaintiff's counsel. Plaintiff's counsel would not reconsider his decision to personally video tape the depositions.

2.	Although the Rules grant parties a right to video tape a deposition, there is no binding authority on the right of counsel for a party to operate the camera for a video taped deposition.

3.	In support of his position, Plaintiff cites *Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc.,* 114 F.R.D. 647 (M.D.N.C. 1987) and *Ott v. Stipe Law Firm*, 169 F.R.D. 380 (E.D. Okl. 1996). There is, however, authority to the contrary. In *Kallen v. Nexus Corporation*, 54 F.R.D. 610 (N.D. Ill. 1972), the court articulated the importance of operator independence in non-stenographic recordings:

> To expect attorneys in hotly contested litigation to undertake, in addition to the active pursuit of their clients' interests, the technical and mechanical responsibilities of operating recording equipment of any complexity, would be undesirable and diminish the accuracy, if not the integrity, of the recording. An independent operator of recording equipment should provide further assurance of the integrity of the recording and relieve the attorneys completely, to represent their clients.

*Kallen*, 54 F.R.D. at 614.

4.	Moreover, Plaintiff's counsel's operation of the video recording equipment raises several practical concerns: "who determines what is on or off the record or if the tape is functioning properly?" *See Bogan v. Northwestern Mutual Life Ins. Co.,* 145 F.R.D. 642, 642 (S.D.N.Y. 1993). If there is a dispute as to camera placement or when to shut off the video camera, Plaintiff's counsel, not an independent third party, will have final say as to the operation of the video camera. Indeed, perhaps acknowledging these issues, the most recent case cited by Plaintiff in support of his position, specifically notes "counsel's operation of the video camera is not the preferred method of conducting a video deposition." *Ott*, 169 F.R.D. at 381.

5.   By allowing Plaintiff's counsel to operate the video camera, this Court will inevitably invite challenges to the accuracy and appropriateness of the video testimony that would not otherwise exist if the camera were operated by an independent professional.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Court enter an Order requiring that any video recording of the depositions of Joel Norman and David Carroll be conducted by an independent third party.

Respectfully submitted,

/s/ Kimberly W. Geisler
Carter H. Dukes
Kimberly W. Geisler
Attorneys for Defendant
Mid State Land & Timber Co., Inc.,
d/b/a Sedgefields Plantation

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
(205) 251-2300

## CERTIFICATE OF SERVICE

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Jerry D. Roberson, Esq.
>Roberson & Roberson
>8 Office Park Circle
>Suite 150
>Birmingham, Alabama 35223
>
>Albert H. Adams, Jr., Esq.
>Irby Law Firm, LLC
>Post Office Box 910
>Eufaula, Alabama 36072

    DONE this the 15th day of August, 2006.

>/s/ Kimberly W. Geisler
>Of Counsel

38412.1