**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| **NORRIS FOSTER,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.: |
| | ) | |
| **MID STATE LAND & TIMBER COMPANY, INC., D/B/A SEDGEFIELDS PLANTATION,** | ) ) ) ) | 2:06-CV-00405-ID-SRW |

**PLAINTIFF'S RESPONSE TO THE EMERGENCY MOTION
FOR INDEPENDENT EXAMINATION**

COMES NOW Norris Foster, Plaintiff in the above action, and in compliance with this Court's Order submits the following response to the Defendant's Emergency Motion for Independent Examination.

1.  Plaintiff Norris Foster worked for approximately ten (10) years at what was known as Sedgefield's Plantation in Bullock County. The Plantation was purchased by the Defendant in 1998. Plaintiff was working there as a farm hand, cultivating fields and working in the hunting crews. Plaintiff worked for Mid-States from 1998 until he was laid off on March 22, 2001 because of a reduction in staffing. At the time, Foster was earning $6.25 per hour. He had originally been hired at $5.50 per hour.

2.  Foster, a black male, was rehired on February 8, 2005. He was earning $7.00 per hour. He received a raise to $7.50 per hour prior to his discharge on 12/29/05. Foster was alleged to have stolen some dressed quail by Mid-State management. The Plaintiff has requested documents submitted by Mid-States to the Alabama Unemployment Office, but they have not been provided. Foster denies removing any quail from

Sedgefields. His application for unemployment was denied.

3. On November 21, 2005, Mid-State hired Will Hubbard, a white male who was nineteen (19) years of age, at the hourly rate of $8.00 per hour, to work as a laborer.

4. Joseph Adam May, a white male age twenty-four (24) was hired on November 23, 2005 at the hourly rate of $8.00 per hour. He was hired as a laborer.

5. On July 25, 2005, Mid-State hired William Beckweth, Jr., a white male age forty-three (43). Beckweth was hired as a night watchman making $8.00 per hour.

6. On January 12, 2006, Chance Hamm, a white male age twenty-one (21) was hired as an outside laborer at $8.00 per hour.

7. At no time during their employment as laborers for Mid-State did the Plaintiff Norris Foster or Jeffrey Harris, also a black male, ever earn $8.00 per hour.

8. Further evidence of Mid-State's two tiered and discriminatory pay practices involves the compensation of hunting supervisor Roy Lee. Roy Lee is a black male who supervised the entire hunting operation for Mid-State. Lee was paid $10.00 per hour. Lee was over both the deer hunting and the quail hunting operations. Joel Norman, a white male, was hired on September 19, 2005. Norman supervised only the quail hunting operation, at a salary is $70,000.00 annually. Norman is also furnished a vehicle and has housing provided for him on the property. Roy Lee is now the foreman over the deer hunting operation. He is paid a $40,000.00 annual salary and is provided a vehicle.

9. Because the Defendant cannot defend its discriminatory pay practices, it now files this motion in an effort to limit the Plaintiff Norris Foster's back-pay damages.

10. Mid-State discharged the Plaintiff on December 29, 2005. Mid-State sold this property in Bullock County on May 19, 2006 to Tolleson for thirty-four million dollars

($34,000,000,000.00).

11. It is undisputed that Mid-State did not have a drug testing program or policy.

12. The Plaintiff Norris Foster has never applied for employment with Tolleson. Tolleson is a stranger to this litigation. Mid-State now seeks to enforce an employment rule of a third party on the Plaintiff, despite the Plaintiff never having worked for the third party Defendant, or even having applied to work with them, he is now to be subjected to their employment policies retroactively.

13. This Court may not presume that the Plaintiff would have been selected for employment with Tolleson, as the Plaintiff has never applied for work with Tolleson and does not contend that he would have ever worked there. Plaintiff's back-pay claim is in no way dependant on his employment with Tolleson. Plaintiff will stipulate that he never would under any circumstances apply for work with Tolleson.

14. Furthermore, the employees who did apply to work with Tolleson were not subjected the drug test which Defendant now asks this Court to order. A hair sample taken at this date could only show that at some prior time, Norris Foster had used illicit drugs. It could not date the drug use. However, even a positive sample would prove nothing. Foster was not working for any employer who had a mandatory drug testing policy. Therefore, Foster's back-pay claim would not be affected even if the Defendant could show drug usage.

15. A Rule 35 examination can only be ordered upon a showing of good cause. There is no good cause for having the Plaintiff submit to a drug test. The Defendant has cited no cases indicating that any court has ever ordered a drug test under these circumstances.

16. In the case cited by the Defendant, *Ali v. Wang Laboratories, Inc.*, 162 F.R.D. 165, (M.D.Fla. 1995) the Plaintiff made a claim under the ADA. Of course one's state of health is at issue in an ADA case, as it is the central issue in such a case. The holding in *Wang* does not lend support to the Defendant's position here.

17. The Defendant does not control the Plaintiff's claim for back-pay. The Defendant can oppose the claim by making an unconditional offer of employment, which if refused, would cut off the Plaintiff's back-pay. Or the Defendant can show that the Plaintiff has not sufficiently mitigated his damages, by demonstrating that his efforts to obtain comparable employment were insufficient or that he has refused employment. But the Defendant cannot unilaterally impose rules of employment on the Plaintiff concerning jobs for which he did not apply. To order such an examination under these circumstances would be an abuse of the Court's discretion.

18. Defendant's motion asserts that it cannot verify the truth of Plaintiff's claims that he would have passed the drug test that was a condition of employment with Tolleson. Plaintiff has never made such a claim. If that is the basis for the Defendant's motion, it should be denied.

WHEREFORE, premises considered, the Plaintiff respectfully requests that this Court deny said motion to submit to a mandatory drug test.

Respectfully submitted,

s/Jerry Roberson  
Jerry Roberson  
Attorney for Plaintiff  
ROBERSON & ROBERSON  
8 Office Park Circle, Suite 150  
Birmingham, Alabama   35223  
Telephone: (205) 871-1115

OF COUNSEL:
Albert H. Adams, Esq.
RUSSELL IRBY LAW FIRM
P.O. Box 910
Eufaula, Al. 36072

## CERTIFICATE OF SERVICE

      I hereby certify that on the 17th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Carter H. Dukes, Esq.
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203

                                            s/Jerry Roberson
                                            OF COUNSEL