IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **NORRIS FOSTER,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO:** |
| ) | **2:06-CV-00405-ID-SRW** |
| **MID STATE LAND & TIMBER** ) | |
| **COMPANY, INC., D/B/A** ) | |
| **SEDGEFIELDS PLANTATION,** ) | |
| ) | |
|     **Defendant.** ) | |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S
EMERGENCY MOTION FOR INDEPENDENT EXAMINATION**

COMES NOW Defendant Mid State Land & Timber Company, Inc. d/b/a Sedgefields Plantation ("Defendant") and submits this Reply to Plaintiff's Response to Defendant's Emergency Motion for Independent Examination.

**ARGUMENT**

As an initial matter, Defendant's effort to rightfully limit Plaintiff's claimed damages and preserve all possible defenses is not a concession to the merits of Plaintiff's claims. More importantly for purposes of the issue before the Court, however, Plaintiff's response confirms the necessity of an independent examination. Plaintiff does not dispute that all employees of Mid-State were terminated effective May 19, 2006. Nor does Plaintiff dispute that if he worked at Sedgefield's Plantation after May 19, 2006 that he would be working for Tolleson. Despite these facts, Plaintiff contends that he should be permitted, without question, to assert a claim for back pay damages after May 19, 2006. For Plaintiff to claim back pay damages subsequent to May 19, 2006, he necessarily must presume that his employment at Sedgefield's Plantation would have continued after May 19,

2006. Although Plaintiff affirmatively states that he would never have sought or seek employment with Tolleson, and characterizes Defendant's Motion as an impermissible attempt to impose the employment requirements of a third party upon Plaintiff, he does not stipulate that he is not seeking damages beyond the point when he indisputably would have been subject to Tolleson's employment requirements, including a mandatory drug test. Plaintiff will be placed in a better position than the other employees of Mid-State because his employment at Sedgefield's Plantation, under the control of Tolleson, would be presumed without Plaintiff having to meet the mandatory prerequisites for employment with Tolleson.[1]

Plaintiff's claim that the hair sample test is not appropriate is without merit. A hair sample test provides the most reliable means of testing for drug use during the relevant time period of May 2006. See Exhibit C to Defendant's Emergency Motion for Independent Examination. Defendant's proposed method of testing places Plaintiff on the most equal footing with those individuals formerly employed by Mid-State who applied for positions and were tested by Tolleson in May 2006.

---

[1] As Plaintiff recognizes in his opposition brief, Mid-State no longer owns Sedgefield's Plantation. Accordingly, Plaintiff's proposed solution– an unconditional offer of reinstatement by Mid-State– is obviously not possible.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Court order Plaintiff to appear with proper photo identification at Drug Test Service, 433 St. Luke's Drive, Montgomery, Alabama 36117 and submit to a hair sample drug test by Philip Bumpers, a certified examiner, or his agent with equivalent qualifications, within two days of this Court's Order. Alternatively, Defendant requests that this Court deem Plaintiff's admission that he never would have applied with Tolleson as a stipulation that Plaintiff will not seek back pay damages beyond May 19, 2006.

Respectfully submitted,

/s/ Kimberly W. Geisler
Carter H. Dukes
Kimberly W. Geisler
Attorneys for Defendant
Mid State Land & Timber Co., Inc.,
d/b/a Sedgefields Plantation

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
(205) 251-2300

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

    Jerry D. Roberson, Esq.
    Roberson & Roberson
    8 Office Park Circle
    Suite 150
    Birmingham, Alabama 35223

    Albert H. Adams, Jr., Esq.
    Irby Law Firm, LLC
    Post Office Box 910
    Eufaula, Alabama 36072

    DONE this the 17th day of August, 2006.

    /s/ Kimberly W. Geisler
    Of Counsel

38473.1