IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **NORRIS FOSTER,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| vs. ) | Civil Action No.: |
| ) | |
| **MID STATE LAND & TIMBER** ) | 2:06-CV-00405-ID-SRW |
| **COMPANY, INC., D/B/A** ) | |
| **SEDGEFIELDS PLANTATION,** ) | |
| ) | |

**PLAINTIFF'S SECOND REPLY TO DEFENDANT'S
MOTION FOR INDEPENDENT EXAMINATION**

COMES NOW Plaintiff Norris Foster and submits this his Second Reply to the Defendant's Emergency Motion for Independent Examination.

1.  The Defendant is wrong to assert as its premise that Plaintiff can only recover back-pay damages if he was working at Sedgefields Plantation after it was sold to the new owner, Tolleson. Such is not the case. Foster could have chosen not to apply with the new owner. He could have gone to work for any employer and still collect back-pay. Foster's claim for back-pay is in no way related to employment with Tolleson. The Defendant's premise is a false one.

2.  As such, Foster cannot be subjected to the employment rules of an employer for whom he has never worked and has never applied to work with. Plaintiff is not on an equal footing with his co-workers, as they were never fired. They too could choose not to apply with Tolleson. However, they made individual choices to apply. Their choices are not binding on the Plaintiff. The Plaintiff is not better off than his co-workers.

3.  The fact that Plaintiff has stipulated that he will never assert that he would

be eligible for employment with Tolleson's should end the inquiry. Frankly, Plaintiff's counsel is at a loss to understand why the Defendant cannot understand this.

4. Back-pay under Title VII is an equitable remedy. It is to be presumed from a finding of discrimination. The basic purpose of Title VII relief is to "make whole" victims of unlawful discrimination." *Albemarle Paper Company v. Moody*, 422 U.S. 405, 418 1975. A Title VII Plaintiff who is unlawfully terminated, however, is required to mitigate damages by being reasonably diligent in seeking employment substantially equivalent to the position he lost. *Ford Motor Company v. Equal Employment Opportunity Commission,* 458 U.S. 219 (1982).

Once a Plaintiff in a Title VII case has established a *prima facie* case and established what he or she contends to be the damages resulting from the discriminatory acts of the employer, the burden of producing further evidence on the question of damages in order to establish the amount of interim earnings or lack of diligence properly falls to the Defendant. *Sias v. City Demonstration Agency*, 588 F.2d 692 (9th Cir. 1978).

Nowhere in Title VII does it indicate that in order to obtain back-pay, one must continue to work at the same location with a new employer. That is the condition which the Defendant seeks to impose on this Plaintiff. It is an unreasonable one and the Defendant's request should be denied.

          Respectfully submitted,

          s/Jerry Roberson
          Jerry Roberson
          Attorney for Plaintiff
          ROBERSON & ROBERSON
          8 Office Park Circle, Suite 150
          Birmingham, Alabama   35223
          Telephone: (205) 871-1115

OF COUNSEL:
Albert H. Adams, Esq.
RUSSELL IRBY LAW FIRM
P.O. Box 910
Eufaula, Al. 36072


## CERTIFICATE OF SERVICE

      I hereby certify that on the 17th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Carter H. Dukes, Esq.
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203


                                                s/Jerry Roberson
                                                OF COUNSEL