IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORRIS FOSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06CV405-ID |
| ) | (WO) |
| MID STATE LAND & TIMBER ) | |
| COMPANY, INC., d/b/a ) | |
| SEDGEFIELDS PLANTATION, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is presently before the court on defendant's emergency motion for independent examination (Doc. # 10), filed August 15, 2006. Plaintiff was employed by defendant Mid-State Land & Timber Company at Sedgefield's Plantation, a hunting lodge. (Complaint, ¶ 3). He claims that defendant terminated his employment in December 2005 because of his race, and he seeks an award of back pay. Defendant has filed evidence that, on May 19, 2006, it sold Sedgefield's Plantation to Tolleson Land & Timber and terminated all of its employees who worked at Sedgefield's. Former employees of Mid-State who wished to work for Tolleson were required to apply for a position. Tolleson's offers of employment were contingent on the employee's consenting to and passing a mandatory drug test. (Carroll aff.).

The parties disagree about whether, if he prevails in this action, plaintiff is entitled to recover an award of back pay beyond May 19, 2006. Defendant seeks an order pursuant to Fed. R. Civ. P. 35 directing plaintiff to submit to drug testing of a hair sample, seeking to

preclude any presumption that plaintiff would have been hired by Tolleson. In his response, plaintiff makes the judicial admission that he "does not contend that he would have ever worked [for Tolleson]" and stipulates that he "never would under any circumstances apply for work with Tolleson." (Plaintiff's response, Doc. # 15, ¶ 13).

An order directing a physical examination under Rule 35 is not warranted unless "each condition as to which the examination is sought is really and genuinely in controversy." Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964). Plaintiff does not contend in this action that he would have worked for Tolleson had he not been terminated. Thus, whether he would or would not have satisfied Tolleson's employment requirements is clearly not "in controversy."

Accordingly, it is

ORDERED that defendant's emergency motion for independent examination (Doc. # 10) is DENIED.[1]

DONE, this 18th day of August, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] In resolving this motion, the court need not (and does not) reach the issue of the effect of plaintiff's judicial admission and stipulation on his claim for back pay.