IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **NORRIS FOSTER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.: |
| ) | |
| **MID STATE LAND & TIMBER** ) | 2:06-CV-00405-ID-SRW |
| **COMPANY, INC., D/B/A** ) | |
| **SEDGEFIELDS PLANTATION,** ) | |
| ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION FOR PROTECTIVE ORDER**

COMES NOW Norris Foster, and in response to the Motion for Protective Order filed by the Defendant Mid-State Land & Timber Company, Inc., responds as follows:

1. The Plaintiff has noticed the depositions of the two managing agents that the Defendant has indicated were involved in the decision to terminate the Plaintiff, Norris Foster. Counsel for Plaintiff, in addition to having a court reporter, has indicated that he will also record the depositions by videotape. Rather than incur the inordinate expense of a certified videographer, the Plaintiff's counsel will take the depositions using his own video camera and a remote control.

2. Plaintiff's counsel has taken over fifty (50) videotaped depositions in various cases pending in Federal Court. The procedure is expressly permitted pursuant to Federal Rule 30(b)(4), without obtaining court approval.

3. Although expressly permitted by the rule, the Defendant seeks a protective order prohibiting Plaintiff's counsel from videotaping the depositions. As the only argument

for prohibition, the Defendant states that by allowing Plaintiff's counsel to operate the video camera, this Court "will inevitably invite challenges to the accuracy and appropriateness of the video testimony that would not otherwise exist if the camera were operated by an independent professional." (Defendant's Motion for Protective Order, par. 5).

4.  Plaintiff's counsel uses a $3,500.00 video camera that is mounted on a tripod. The camera is placed so that only a still shot of the deponent is recorded. Operation of the camera is by remote control.

5.  While Plaintiff's counsel would acknowledge that he does not bring lighting and a background to the video depositions, he would otherwise assert that his video deposition is a professional production. When used at trial, the transcript is married to the video, and the jury sees the appearance and demeanor of the witness while also viewing the transcript of the deposition.

6.  Counsel for the Plaintiff has noted that videotaping depositions provides a number of benefits. Firstly, a) all persons, including all counsel and the deponent, are better behaved in the deposition. b) Videotaping the deposition eliminates speaking objections by defense counsel and the practice of coaching your witness during the deposition. c) If a witness becomes unavailable through death or illness, his testimony is preserved for the jury. d) If the witness is a managing agent of a party, his deposition can be offered in the Plaintiff's case in chief. e) Additionally, playing a videotape is a much more effective way of impeaching a witness who changes his testimony.

7.  The advantages of videotaping the deposition greatly outweigh any inconvenience. If Plaintiff's counsel is allowed to videotape, the only expense is for the tape itself. Plaintiff's counsel just paid $500.00 to obtain a copy of the videotaped

deposition of his own client in another case. Obviously, videotaping using an independent certified videographer greatly increases the expense associated with taking depositions.

8. The Defendant's objection boils down to accuracy and trustworthiness. Plaintiff's counsel cannot influence what is recorded by the video camera. Additionally, if there is any irregularity in the recording, it is at the Plaintiff's peril. As such, it would invite objection if it is offered at trial. The parties must always agree to go off the record. It does not matter whether a person is independent or not if a conflict develops.

9. Rather, the Defendant's real objection is not to the accuracy and trustworthiness, it is that a videotape is too accurate and too trustworthy. Otherwise, if the Defendant was really concerned about accuracy and trustworthiness, the Defendant could pay an independent third party to videotape the depositions. If the Defendant has concerns about the accuracy of the recording, he may obtain a certified videographer to obtain a duplicate copy.

10. Counsel for Plaintiff will have an independent court reporter who is certified to take the stenographic recording and provide a deposition transcript. Plaintiff's counsel seeks to record by videotape camera the deposition, and the Federal Rules provide for this explicitly. In both of the cases cited by Plaintiff, *Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc.*, 114 F.R.D. 647 (M.D.N.C. 1987) and *Ott v. Stipp Law Firm*, 169 F.R.D. 380 (E.D. Okl. 1996), such recordings were approved by the court. In fact, given the high cost of litigation, the court noted that a liberal interpretation designed to promote rather than hinder the practice of recording discovery proceedings was helpful. The court also noted that while the Plaintiff's counsel was not the preferred method of videotaping, it was specifically not prohibited.

WHEREFORE, premises considered, the Plaintiff respectfully requests that this court enter an order denying the Defendant's Motion for Protective Order , and to allow Plaintiff's counsel to videotape the depositions of David Carroll and Joel Norman.

Respectfully submitted,

s/Jerry Roberson
_____
Jerry Roberson (ROB010)
Attorney for Plaintiff
**ROBERSON & ROBERSON**
8 Office Park Circle, Suite 150
Birmingham, Al 35223
Telephone:   (205) 871-1115
Facsimile:   (205) 871-5115

**OF COUNSEL:**

Albert H. Adams, Jr., Esq.  (ADA-058)
IRBY LAW FIRM, LLC
P.O. Box 910
Eufaula, Al. 36072

## CERTIFICATE OF SERVICE

      I hereby certify that on the 28th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Carter H. Dukes, Esq.
Kimberly W. Geisler, Esq.
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203


                                        s/Jerry Roberson

                                        _____
                                        OF COUNSEL