IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORRIS FOSTER, | ) |
|     Plaintiff, | ) |
| vs. | ) Civil Action No.: |
| MID STATE LAND & TIMBER COMPANY, INC., D/B/A SEDGEFIELDS PLANTATION, | ) 2:06-CV-00405-ID-SRW |

**PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION TO COMPEL**

COMES NOW Plaintiff, Norris Foster, and in compliance with this Court's order, files this his Response to the Defendant's Motion to Compel.

1. Plaintiff asserts a claim of race discrimination arising out of the termination of his former employment with the Defendant. Plaintiff does allege a claim for "embarrassment, humiliation, mental distress, emotional pain and mental anguish," or garden variety mental anguish. This means that anyone who is unlawfully discharged would normally be expected to be embarrassed and upset at the prospect of losing his job. Foster does not claim that his injury required him to seek medical treatment. (*Affidavit Foster*).

2. Defendant served the Plaintiff with Interrogatories and Request for Production. The Defendant's discovery and the Plaintiff's response is attached hereto.

**Defendant's Interrogatories**

7. Please identify all doctors, psychiatrists, counselors, medical care providers, and practitioners of the healing arts, who treated, saw, counseled, advised or examined you in the last ten (10) years, and list all relevant dates on which you received treatment or were examined, and the medical condition or the symptoms for which you were treated or examined.

**Plaintiff's Response: Objection. Not relevant. I do not claim that I sought any medical treatment as a result of the discrimination I suffered or because of my firing.**

The Plaintiff has not sought medical treatment since his termination. (*Affidavit Foster*). The only period for which the Plaintiff claims damages is for mental anguish after his firing.

The Plaintiff cannot recall every medical provider that he has seen within the last ten (10) years or the dates that he saw the providers. (*Affidavit Foster*). He cannot presently recall every reason he sought medical treatment, nor could any person be expected to recall such information. Nor should he have to go to the great expense of obtaining all his medical records to satisfy the Defendant's curiosity. If the Plaintiff were to make such a request, the Defendant would claim he was on an unwarranted "fishing expedition."

Since the Plaintiff is not claiming he has seen a doctor at any period of time relevant to his allegation of discrimination, the state of his health in any previous period is not relevant.

The Plaintiff has not alleged that he was ever disabled from working. The Plaintiff has never alleged that he has taken any medication as a result of discrimination. (*Affidavit Foster*). The Plaintiff does not claim any medical expense or any medical treatment related to discrimination. How can the Plaintiff be said to have put his <u>past</u> medical history at issue by filing a lawsuit alleging that he was injured as the result of his recent firing?

## Request for Production

Request No. 16: Provide a signed consent and authorization for the release of records and information directed to Custodian of Records (a form for which is attached to this request as Exhibit 1 listing Huckaby, Scott & Dukes, P.C., Birmingham, Alabama as designated recipient of the information, which will then be directed to your medical providers.

**Plaintiff's Response: I object to providing a release for medical records as this is not relevant. I do not claim that I have received any medical treatment as a result of the discrimination from Sedgefields or my firing.**

The Defendant seeks to obtain private and confidential medical records of the Plaintiff by having him sign an authorization. This authorization, which is carte blanche, is signed in blank and can be submitted by the Defendant to any healthcare provider, including psychiatrists, alcohol and rehabilitation facilities, etc. Plaintiff enjoys a privilege with respect to any psychiatrists he may have seen. The Plaintiff objects to any unwarranted intrusion into his privacy. The Plaintiff further objects to the methodology employed by the Defendant. If the Plaintiff is deposed, and responds to the questions about doctor visits he can recall, the Defendant will then have to issue a subpoena to the healthcare provider. The subpoena process allows the Plaintiff notice of the proposed discovery, and an opportunity to object if he feels the invasion is unwarranted. Defendant seeks to negate these protections by having the Plaintiff sign an authorization in blank. The Plaintiff does not believe that his previous medical treatment is relevant to an inquiry concerning the present consequences of recent discrimination.

Request No. 21: Produce all documents that evidence, refer, or relate to any prescription for drugs received by you from January 1, 2003 to the present, whether filled or not, including documents evidencing the identity of the pharmacists, physician, and payment for the prescription drug.

**Plaintiff's Response:  Objection, not relevant. I am not claiming that I have received any medicine as a result of the discrimination I suffered or my firing.**

Plaintiff has not received any prescription medication at any time subsequent to his firing.  Plaintiff presently has no documents regarding prescriptions.  Plaintiff cannot recall every time he has received medication.  (*Affidavit Foster*).  Furthermore, Plaintiff does not see how any prescription that he obtained prior to being terminated would be relevant to his damages in this case.  Plaintiff could not offer such information for any purpose, so why can the Defendant obtain these records?

In support of his objection, Foster cites this court to the case of *Broderick v. Shad*, 117 F.R.D. 306 (D.D.C. 1987).  Broderick brought a claim for Title VII sex discrimination and alleged that she had suffered severe psychological stress, recurring headaches, and insomnia.  The Defendant requested her medical records from 1975 (before her employment to the present), asserting that the Plaintiff has put her emotional and mental health at issue.  Plaintiff objected to this request for the wholesale production of her medical records.  She claims that there is no relevant medical evidence for her claims.  Broderick filed an Affidavit testifying that she did not seek or receive medical treatment for psychological stress, headaches or insomnia from 1975 to present.

The court held that

> "Since Broderick has offered a sworn statement that she
> has not sought or received medical treatment for the conditions
> alleged in paragraph 80 of her complaint and that no relevant

> medical records exist, we deny as <u>irrelevant</u> and <u>intrusive</u> Defendant's Motion to Compel a wholesale investigation of Plaintiff's medical history over the past eleven (11) years."

Norris Foster has offered a similar Affidavit. Unlike Broderick he does not allege he has sustained any symptom of disease because of the alleged discrimination. He denies he has received any treatment for psychological injury in the past ten (10) years. He likewise denies that he is presently undergoing any symptom that he attributes to the Defendant's discrimination. Obviously, if he has no symptom there can be no alternative or pre-existing cause. He denies that he has received any medical treatment as a result of his discrimination. His past medical history prior to his firing is irrelevant.

Respectfully submitted,

s/Jerry Roberson

_____
Jerry Roberson (ROB010)
Attorney for Plaintiff
**ROBERSON & ROBERSON**
8 Office Park Circle, Suite 150
Birmingham, Al 35223
Telephone:   (205) 871-1115
Facsimile:   (205) 871-5115

**OF COUNSEL:**
Albert H. Adams, Jr., Esq.  (ADA-058)
IRBY LAW FIRM, LLC
P.O. Box 910
Eufaula, Al. 36072

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Carter H. Dukes, Esq.
Kimberly W. Geisler, Esq.
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203

                                                         s/Jerry Roberson
                                                         _____
                                                         OF COUNSEL