IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **NORRIS FOSTER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO:** |
| ) | **2:06-CV-00405-ID-SRW** |
| **MID STATE LAND & TIMBER** ) | |
| **COMPANY, INC., D/B/A** ) | |
| **SEDGEFIELDS PLANTATION,** ) | |
| ) | |
| **Defendant.** ) | |

**RESPONSE TO PLAINTIFF'S MOTION TO COMPEL**

COMES NOW Defendant Mid State Land & Timber Company, Inc. d/b/a Sedgefields Plantation ("Defendant") and submits this Response to Plaintiff's Motion to Compel Defendant to produce the personnel file of Rochester Lee ("Roy Lee").

1. In his Motion to Compel, Plaintiff claims that the personnel file of Roy Lee is relevant to his allegations that "blacks are treated differently with respect to their pay and discipline than white employees." (Mot. at 2.) Plaintiff's Complaint contains the following allegations with respect to Plaintiff's wage disparity claim: "The white crew members were hired at substantially higher wage rates than their black counterparts, even though they have less knowledge, training, and experience in the hunting industry and are performing the same duties." (Compl. ¶ 11.) In response to Plaintiff's discovery requests and based upon this allegation in Plaintiff's Complaint, Defendant has produced the personnel files of the other black crew members during the relevant time period and the white crew members hired during Plaintiff's employment.

2.     As noted in Plaintiff's Motion, Roy Lee is a manager not a crew member. Roy Lee was not Plaintiff's supervisor at the time of Plaintiff's termination, was not a decision maker with regard to Plaintiff's termination, and the wages of management employees are beyond the scope of the allegations of Plaintiff's Complaint. For these reasons, the personnel file of Roy Lee is not relevant to the claims or defenses in this action. FED. R. CIV. P. 26(b)(1).

3.     To respond to Plaintiff's allegations, Defendant's decisions regarding compensation, like all of Defendant's decisions, are based upon legitimate, non-discriminatory criteria. Roy Lee was hired by Defendant in 2000. Prior to coming to work for Defendant, Roy Lee had no experience whatsoever with even quail hunting and no managerial or supervisory experience. Roy Lee does not have a college degree. Despite these lack of credentials, when Defendant was shorthanded in 2005, Mr. Lee was selected to temporarily manage Defendant's quail and deer operations. Roy Lee was paid a salary of $40,000 by Defendant while he temporarily filled both positions and continued to earn $40,000 after he was relieved of the quail hunt responsibilities.

4.     Unlike Roy Lee, Joel Norman has an associate degree in wildlife technology.[1] Prior to coming to work for Defendant as Quail Operations Manager, Joel Norman had twenty-seven years of experience in bird dog training and handling, several years experience as a plantation manager in Georgia, and prior supervisory responsibility over twenty employees. Given his experience and Defendant's desire to restore quail hunting operations to its prior historical prominence, Defendant reasonably viewed the hiring of Norman as an opportunity to improve and increase quail operations thereby increasing the overall profitability of Defendant's business. As a matter of law, Defendant

---

[1] Because Joel Norman was Plaintiff's immediate supervisor during the relevant time period, Defendant has already produced to Planitiff the personnel file of Joel Norman.

may base compensation decisions on education, work experience, prior supervisory experience, and special skills. *See, e.g., Stanziale v. Jargowsky*, 200 F.3d 101, 107 (3d Cir. 2000) (holding an employer may legitimately consider an employee's educational qualifications beyond those minimally required for the position in determining pay); *Wollenburg v. Comtech Mfg. Co.,* 201 F.3d 973, 976 (7th Cir. 2000) ("The point is that Neuman had more supervisory experience, that was the reason Comtech gave for the wage disparity, and experience is a legitimate, nondiscriminatory reason."); *Horne v. Russell County Com'n,* 379 F. Supp. 2d 1305, 1333 (M.D. Ala. 2005) (noting that a system that bases compensation on the "quantity or quality of production" is permissible under the Equal Pay Act).

5. For purposes of any wage claim, the relevant considerations are the wages and the reasons for them. This information has been or can be provided to Plaintiff without the production of Roy Lee's personnel file.

Respectfully submitted,

/s/Carter H. Dukes
Carter H. Dukes
Kimberly W. Geisler
Attorneys for Defendant
Mid State Land & Timber Co., Inc.,
d/b/a Sedgefields Plantation

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
(205) 251-2300

**CERTIFICATE OF SERVICE**

    I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Jerry D. Roberson, Esq.
        Roberson & Roberson
        8 Office Park Circle
        Suite 150
        Birmingham, Alabama 35223

        Albert H. Adams, Jr., Esq.
        Irby Law Firm, LLC
        Post Office Box 910
        Eufaula, Alabama 36072

    DONE this the 1st day of September, 2006.

                                    /s/ Carter H. Dukes
                                    Of Counsel

38610.1