IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| NORRIS FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06cv405-ID |
| | ) | WO |
| MID STATE LAND & TIMBER | ) | |
| COMPANY, INC., d/b/a | ) | |
| SEDGEFIELDS PLANTATION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION**

This case is before the court on defendant's motion for protective order (Doc. # 11) filed August 15, 2006 and plaintiff's response (Doc. #19) filed August 28, 2006. On September 7, 2006, prior to the entry of this order, the court informed the parties by telephone that the motion for protective order would be granted, and that an order to that effect would follow.

Defendant's motion asked the court to prohibit plaintiff's counsel from personally videotaping the depositions of Joel Norman and David Carroll on September 8, 2006, and to order that any video recording of these depositions be conducted by an independent professional, on the ground that plaintiff's counsel is an interested party, and that his operation of the video camera would invite challenges to the accuracy and appropriateness of the video testimony taken at the deposition. Plaintiff responded, *inter alia*, that his counsel has videotaped many depositions, that counsel uses a $3,500 video camera which is mounted

on a tripod and operated by remote control, and that his video deposition – which is less expensive than a deposition taken by an independent videographer – "is a professional production." Plaintiff notes further that an independent, certified court reporter would also take a stenographic recording of the deposition and provide a transcript. Plaintiff did not indicate that the depositions in question were being taken for discovery only; thus, for purposes of this motion, the court assumes that the depositions may also be used at trial.

> The Federal Rules of Civil Procedure provide that:
>
> The party taking the deposition shall state in the notice the method by which the testimony shall be recorded. Unless the court orders otherwise, it may be recorded by sound, sound-and-visual, or stenographic means, and the party taking the deposition shall bear the cost of the recording.

Fed.R.Civ.P. 30(b)(3). Rule 30 does not expressly require that an independent professional conduct any "sound-and-visual" recording of a deposition. However, Rule 30 (b)(4) does provide that:

> Unless otherwise agreed by the parties, a deposition shall be conducted before an officer appointed or designated under Rule 28 and shall begin with a statement on the record by the officer that includes (A) the officer's name and business address; (B) the date, time, and place of the deposition; (C) the name of the deponent; (D) the administration of the oath or affirmation to the deponent; and (E) an identification of all persons present. If the deposition is recorded other than stenographically, the officer shall repeat items (A) through (C) at the beginning of each unit of recorded tape or other recording medium. The appearance or demeanor of deponents or attorneys shall not be distorted through camera or sound-recording techniques.

Fed.R.Civ.P. 30(b)(4). Rule 28, in turn, states that "no deposition shall be taken before a person who is a relative or employee or attorney or counsel of any of the parties, or is a

relative or employee of such attorney or counsel, or is financially interested in the action." Fed.R. Civ. P. 28(c).

Several courts have determined that Rule 28 does not expressly apply to video depositions and have, accordingly, permitted counsel for one of the parties to videotape the proceedings. See, e.g., Ott v. Stipe Law Firm, 169 F.R.D. 380, 381-382 (E.D. Oklahoma 1996); Rice's Toyota World, Inc. v. Southeast Toyota Distributors, Inc., 114 F.R.D. 647, 651-653 (M.D. N.C. 1987). This court does not read Rules 28 and 30 quite so broadly. Instead, it is persuaded that the scenario which the framers of these rules most likely had in mind when they addressed the "sound and visual" recording of a deposition was a situation in which the "officer" designated to take the deposition – who is charged with the responsibility of repeating the officer's name and business address; the date, time, and place of the deposition; and the name of the deponent "at the beginning of each unit of recorded tape or other recording medium," and with ensuring that "the appearance or demeanor of deponents or attorneys shall not be distorted through camera or sound-recording techniques" – was a neutral videographer, not a court reporter hired to record the proceeding stenographically while the representative of an interested party videotaped the proceedings.

However, even if Rules 28 and 30 do not explicitly prohibit videotaping of a deposition for trial by counsel, this court is not prepared to authorize such a practice over the objection of opposing counsel where the proponent does not agree to safeguards to insure the accuracy and trustworthiness of the tape. Where courts have given permission for counsel to operate the video camera in a deposition, they have often done so under such restrictions.

3

See, e.g., Rice's Toyota World, Inc., 114 F.R.D. 647, 651-653 (Parties submitted a proposed order which governed, *inter alia*, the timing of the video depositions; suspension of the recording during colloquy among counsel and breaks; preparation of a detailed log index; identification of the recording; recording techniques relating to lighting, placement of the camera, etc.; tape format; reproduction; payment; etc.); United States v. Hargro, 104 F.R.D. 451, 453 ( N.D. Ga. 1984) (Parties agreed to and/or were ordered to adhere to certain safeguards relating, *inter alia*, to the administration of the oath, the use of three separate recording devices, responsibility for blank tapes and log or index forms, the quality of the recording devices, the method of filing and distribution of tapes, production of a log index of the proceedings and an exhibit list, certification of the correctness and completeness of the recordings, transcription of the tapes, etc.); see also In re Braniff, Inc., 1992 WL 261641, *15 (Bankr.M.D.Fla. 1992) (setting out rules for video depositions).

To proceed without safeguards of this kind, or without cooperation between counsel of the sort described in Marlboro Products Corp. v. North Am. Philips Corp., 55 F.R.D. 487, 490 (S.D.N.Y. 1972), is to invite post-deposition disputes about a host of matters – for example, lighting, background, color/hue, quality of recording, placement of camera, focus, choice of lens, tripod selection, responsibility for error or omission, off-the-record breaks, objections, editing, release of clips, and so forth. In an age of rapidly advancing technology, the court is reluctant to open the door to a case by case determination of whether a particular lawyer has the necessary skills or equipment to ensure the technical reliability and accuracy of a video deposition. Nor does the court have the resources to police the trustworthiness of

interested counsel in an era in which digital editing permits the ready alteration of videotape evidence, pixel by pixel. Accordingly, on this record, the court agrees with the Northern District of Illinois, which observed that

> The independence and integrity of the court reporter has been a traditional protection of the integrity of the record produced. To expect attorneys in hotly contested litigation to undertake, in addition to the active pursuit of their clients' interests, the technical and mechanical responsibilities of operating recording equipment of any complexity, would be undesirable and diminish the accuracy, if not the integrity, of the recording. An independent operator of recording equipment should provide further assurance of the integrity of the recording and relieve the attorneys completely, to represent their clients.

Kallen v. Nexus Corp., 54 F.R.D. 610, 613-614 (N.D. Ill. 1972). Thus, it is

ORDERED that the defendant's motion for protective order (Doc. # 11) be and hereby is GRANTED.

DONE, this 12th day of September, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE