IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORRIS FOSTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:06cv405-ID |
| | ) |
| MID STATE LAND & TIMBER | ) |
| COMPANY, INC., d/b/a | ) |
| SEDGEFIELDS PLANTATION, | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

Upon consideration of defendant's Motion to Compel filed August 14, 2006 (Doc. # 9), and for good cause, it is

ORDERED that the motion be and hereby is GRANTED. See Moore v. Chertoff, 2006 WL 1442447, 2 (D.D.C. 2006) ("Where a plaintiff alleges emotional distress, a defendant is entitled to explore whether causes unrelated to the alleged wrong contributed to plaintiff's claimed emotional distress, and a defendant may propound discovery of any relevant medical records of plaintiff in an effort to do so."); Owens v. Sprint/United Mgmt. Co., 221 F.R.D. 657, 659 (D.Kan.2004) ("Generally, discovery requests seeking an employment discrimination plaintiff's medical and psychological records are held to be relevant as to both causation and the extent of plaintiff's alleged injuries and damages if

plaintiff claims damages for emotional pain, suffering, and mental anguish.").[1]  The parties are DIRECTED to confer within seven days of this order to determine, in good faith, the most cost-effective and least intrusive means of producing this information.  Defendant is responsible for initiating the conference.

Further, upon consideration of plaintiff's Motion to Compel filed August 29, 2006 (Doc. # 21), and for good cause, it is

ORDERED that the motion be and hereby is GRANTED to the extent that all documents included in Rochester Lee's personnel file which relate to his wages and his qualifications for employment shall be produced to plaintiff on or before September 21, 2006.[2]  In all other respects, the motion is DENIED.

DONE, this 14th day of September, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] The court does not reach the question of whether any psychologist-patient privilege applies, as plaintiff has sworn that he has not sought treatment for any emotional difficulties or mental health issues in the last ten years.

[2] Although plaintiff's complaint does not relate directly to the wages of management employees, plaintiff contends that "Defendant maintains a two-tiered compensation system" and alleges that "Roy Lee was paid substantially less than Joel Norman, a white male who was recently hired to do only a portion of Lee's prior job." Motion to Compel at 2. Thus, the information to be produced is relevant to plaintiff's case, although it may not directly prove the claim at issue.