IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **NORRIS FOSTER,** )<br>)<br>    **Plaintiff,** )<br>)<br>vs. )<br>)<br>**MID STATE LAND & TIMBER** )<br>**COMPANY, INC., D/B/A** )<br>**SEDGEFIELDS PLANTATION,** )<br>)<br>    **Defendant.** ) | **CIVIL ACTION NO.:**<br>**2:06-CV-00405-ID-SRW** |
| **JEFFREY HARRIS, WILLIE BERNARD** )<br>**MACK, DEMETRIUS PARHAM and** )<br>**HENRY TARVER,** )<br>)<br>    **Plaintiffs,** )<br>)<br>vs. )<br>)<br>**MID STATE LAND & TIMBER** )<br>**COMPANY, INC., D/B/A** )<br>**SEDGEFIELDS PLANTATION,** )<br>)<br>    **Defendant.** ) | **CIVIL ACTION NO.:**<br>**2:06-CV-00875-ID-CSC** |

**CONSENT MOTION TO CONSOLIDATE**

COMES NOW Defendant Mid State Land & Timber Company, Inc., formerly d/b/a Sedgefields Plantation ("Mid State"), and pursuant to FED. R. CIV. P. 42(a) moves this Court to consolidate the above-styled cases for pretrial purposes and impose the discovery deadlines in the *Foster* case in the *Harris* litigation. In support of this Motion, Mid State shows unto the Court the following:

1. Plaintiff Norris Foster ("Foster") filed his Complaint against Mid State in the United

States District Court for the Middle District of Alabama, Northern Division on May 4, 2006, alleging that Mid State discriminated against him in violation of 42 U.S.C. § 1981. Specifically, Foster, who is black, alleges in his Complaint that Mid State offered him different terms, conditions, and privileges of employment as compared to similarly situated white employees because of his race.

2. On September 26, 2006, Plaintiffs Jeffrey Harris, Willie Mack, Demetrius Parham, and Henry Tarver ("Harris," "Mack," "Parham," and "Tarver") filed their Complaint against Mid State in the United States District Court for the Middle District of Alabama, Northern Division, also alleging that Mid State discriminated against them in violation of 42 U.S.C. § 1981. Specifically, Harris, Mack, Parham, and Tarver, all of whom are black, allege in their Complaint that Mid State offered them different terms, conditions, and privileges of employment as compared to similarly situated white employees because of their race.

3. The two actions involve common questions of law and fact. With the exception of Foster's claim based upon his termination, Plaintiffs assert virtually identical claims and allegations against Mid State arising out of similar facts and circumstances. Additionally, Plaintiffs employ the same counsel in both cases, as does Mid State.

4. The discovery deadline in the first-filed case has been set for March 23, 2007. Discovery in the second action can be completed by March 23, 2007. Consolidation of the two actions for pretrial purposes and adherence to the March 23, 2007 discovery deadline in the first-filed case will promote convenience and economy in judicial administration and will cause no prejudice to any party. *See Mutual First, Inc. v. O'Charleys of Gulfport, Inc.*, 721 F. Supp. 281, 283 (S.D. Ala. 1989) ("if there are two actions correctly pending before the court, both involving common questions of law and fact, and consolidation will prevent needless repetition, delay, or unnecessary cost, and

there are no mitigating circumstances against consolidation, the motion should be granted").

    5.    Prior to filing this Motion, Mid State conferred with counsel for all the Plaintiffs. Plaintiffs consent to consolidation of these two cases for pretrial and discovery purposes.

    6.    Mid State does not request a consolidated trial of these cases.

WHEREFORE, Mid State respectfully requests that this Court consolidate the above-styled cases for discovery and pretrial purposes only and set March 23, 2007 as the discovery deadline for the consolidated action.

Respectfully submitted,

/s/ Carter H. Dukes
Carter H. Dukes
Kimberly W. Geisler
Attorneys for Defendant
Mid State Land & Timber Co., Inc.,
d/b/a Sedgefields Plantation

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
(205) 251-2300

38975

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the foregoing upon counsel of record by placing a copy of same in the United States mail, first class postage prepaid and addressed as follows:

      Jerry D. Roberson, Esq.
      Roberson & Roberson
      8 Office Park Circle
      Suite 150
      Birmingham, Alabama 35223

      Albert H. Adams, Esq.
      Irby law Firm, LLC
      Post Office Box 910
      Eufaula, Alabama 36072

Done this the 23rd day of October, 2006.

                                                      /s/ Carter H. Dukes
                                                      Of Counsel