**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **NORRIS FOSTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No.:** |
| | ) | |
| **MID STATE LAND & TIMBER** | ) | **2:06-CV-00405-ID-SRW** |
| **COMPANY, INC., D/B/A** | ) | |
| **SEDGEFIELDS PLANTATION,** | ) | |
| | ) | |

**AMENDED OBJECTION AND MOTION TO QUASH NON-PARTY SUBPOENAS**

COMES NOW the Plaintiff, Norris Foster, and objects to the notices of non-party

subpoenas which were issued by the Defendant Mid State Land and Timber Company.

As grounds for said objection and in support of his motion to quash, the Plaintiff would

show unto the Court as follows:

1.      This is a race discrimination in employment case.

2.      The Defendant employer has issued subpoenas to the Union Springs

Police Department and the Bullock County Sheriff's Department requesting the following

documents:

> "Any and all records or other documents of any nature,
> including photographs, audio or video tape recordings,
> prepared at any time that concern or relate to 3282 County
> Road 47, Midway, Alabama 36089, or Norris Foster a/k/a
> Norris Jordan, Date of Birth: 6/13/58, Social Security No.: XXX-
> XX-0387, including but not limited to, as applicable, reports of
> illegal activity at this address, notes, memoranda, records of
> communication, photographs, surveillance notes, reports of
> suspicious activity, arrest reports, and other incident /offense
> reports from 2002 to present.

3.      Plaintiff objects to the production of said documents as they are not the

proper subject for discovery.

4.    The Plaintiff has admitted that he has been arrested numerous times and

has one conviction on a misdemeanor assault.  See Answer to Interrogatory #14 below:

> **Interrogatory #14**: If you have ever pled guilty to or been
> convicted of any crime other than a minor traffic violation, for
> each such conviction or guilty plea, state:
>
> a)    the nature of the offense;
> b)    the date of the offense;
> c)    the county and state in which you were
>        convicted, tried, or pled; and
> d)    the sentence you received from you conviction
>        plea.

**Answer:**    **I have had two child support actions brought against me.  One
was by Agnes Lee in Bullock County in 1984.  The other was by
Mary Jenkins in Bullock County in 2002.  I was convicted of
assault in the third degree, a misdemeanor, in Bullock County
from a 1989 charge.  I was convicted of failure to appear in 1998
on a municipal charge.  I have been charged with other offenses
but the charges were all dismissed to my knowledge.  All these
were in Bullock County.  I have had some traffic convictions and
failures to appear under the name of Norris Jordan.**

5.    The conviction is neither admissible nor relevant under the Federal Rules

of Evidence.  The Defendant is attempting to obtain evidence of a suspicion of criminal

activity.  Such evidence is neither relevant nor admissible and it cannot lead to discovery

of admissible evidence.

6.    Norris Foster worked for this Defendant for several years prior to his layoff

in 2001.  The arrests are long before the Defendant rehired the Plaintiff in 2005, and long

before he was fired on December 29, 2005.

7.    Rule 26(c) provides that upon showing of good cause, a court "may

make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." The party seeking a protective order has the burden to demonstrate good cause, and must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the need for a protective order. *U.S. v. Garrett*, 571 F. 2d 1323, 1326 (5th Cir. 1978).

8.      Counsel for the Plaintiff has conferred with counsel for the Defendant and has made a reasonable good-faith effort to reach agreement with said counsel on the matters set forth in this motion, and no agreement has been reached. Counsel for Plaintiff seeks Court intervention in this bona fide discovery dispute.

9.      The production of the documents requested is tantamount to retaliation against Foster because of his filing of this lawsuit. It is a further effort to smear the reputation of Norris Foster. It subjects him to annoyance, embarrassment, and oppression.

Respectfully submitted,

s/Jerry Roberson

_____

Jerry Roberson (ROB010)
Attorney for Plaintiff
**ROBERSON & ROBERSON**
8 Office Park Circle, Suite 150
Birmingham, Al 35223
Telephone:   (205) 871-1115
Facsimile:    (205) 871-5115

3

**OF COUNSEL:**
Albert H. Adams, Jr., Esq.  (ADA-058)
IRBY LAW FIRM, LLC
P.O. Box 910
Eufaula, Al. 36072


## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of October, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:


Carter H. Dukes, Esq.
Kimberly W. Geisler, Esq.
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203


s/Jerry Roberson
_____
OF COUNSEL