IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **NORRIS FOSTER,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **CIVIL ACTION NO:** |
| ) | **2:06-CV-00405-ID-SRW** |
| **MID STATE LAND & TIMBER** ) | |
| **COMPANY, INC., D/B/A** ) | |
| **SEDGEFIELDS PLANTATION,** ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT MID STATE LAND & TIMBER COMPANY, INC.'S
OPPOSITION TO AMENDED MOTION TO QUASH AND FOR ORDER
COMPELLING PRODUCTION OF DOCUMENTS REQUESTED IN SUBPOENA**

COMES NOW Defendant Mid State Land & Timber Company, Inc. ("Defendant") and respectfully requests that this Court overrule Plaintiff Norris Foster's ("Plaintiff") Amended Objection, deny Plaintiff's Motion to Quash, and enter an Order directing the Union Springs Police Department and the Bullock County Sheriff's Department to produce the documents requested in Defendant's subpoena. In support of this Motion, Defendant shows unto the Court the following:

1. In response to Defendant's Interrogatory No. 14, which was addressed to Plaintiff's past criminal offenses, Plaintiff admitted that in addition to a conviction for misdemeanor assault, "I have been charged with other offenses, but the charges were all dismissed to my knowledge." See Plaintiff's Amended Objection and Motion to Quash ¶ 4.

2. In his deposition, Plaintiff admitted that he lied about his assault conviction on the employment application he submitted to Defendant:

Q: Let me direct your attention to the fourth page of Defendant's

> Exhibit 1, under General Information. The question is, "Have you ever been convicted of a crime?" How did you answer that question?
>
> A: I answered no.
>
> Q: That's not true, is it?
> A: No.
>
> Q: At the time you completed this application and signed that everything was true and correct on February 8, 2005, you had been convicted of a crime; is that correct?
> A: Yes.
>
> Q: What had you been convicted of at that time?
> A: Assault in the third degree.

Deposition of Norris Foster, pertinent portions of which are attached hereto as Exhibit A, at 78-81.

3. Furthermore, from Court records it appears that Plaintiff has had prior arrests for domestic violence. See copies of print outs from the Alacourt website are attached hereto as Exhibit B. In his deposition, Plaintiff disputes that he has ever been arrested for domestic violence:

> Q: Okay. And then in 2005 I have an arrest for domestic violence, third degree assault.
> A: I've never been arrested for that. I wasn't arrested at that–he came and talked to me about it. The charges were dropped. Me and my girlfriend, like you, I'd be out cheating and they get mad and call the police and tell them a lie.
>
> Q: Okay. Is that the same thing with reckless endangerment in 2005?
> A: Same thing. All the charges were dropped because once they get satisfied, they go and drop the charges.

See Exhibit A at 142-43. Although Plaintiff claims that his girlfriends "got satisfied," Plaintiff's deposition testimony is contradicted by Court records.

4. On October 20, 2006, Defendant served upon the Union Springs Police Department and the Bullock County Sheriff's Department subpoenas, in accordance with Rule 45 of the Federal Rules of Civil Procedure, compelling production of any and all records or documents of any type

relating to Norris Foster or events occurring at his residence. Copies of the subpoenas are attached hereto as Exhibit C.

5.  The documents requested in Defendant's subpoenas are relevant to the issues in this case, including Defendant's after-acquired evidence defense and Plaintiff's credibility, which has been called into question by Plaintiff's ambiguous and evasive deposition testimony and interrogatory responses regarding his criminal past. Indeed, while Plaintiff claims his answer to Interrogatory No. 14 renders third party verification of his criminal history unnecessary, Plaintiff's inability to testify with certainty as to his other unspecified "offenses" and their resolution compels the issuance of the very subpoenas that Plaintiff now seeks to quash. Furthermore, the records that Defendant has been able to locate directly contradict Plaintiff's deposition testimony concerning his criminal history and his convictions prior to application for employment with Mid State. Copies of printouts from the Alacourt website are attached hereto as Exhibit B. Defendant is entitled to discover Plaintiff's past offenses and how they were adjudicated.

6.  Additionally, pending criminal charges, incidents of domestic violence, and ongoing police surveillance could all lead to the discovery of admissible evidence as to other causes of Plaintiff's purported mental anguish. Based on the vague and inconsistent information provided by Plaintiff thus far, and from the records Defendant has been able to locate to date, these other potential stressors may well exist and would come within the broad scope of Rule 26. Further, Plaintiff has admitted that he has used in the past, and currently uses, illicit drugs. Any reports or investigations as to Plaintiff's drug use or as illegal activity at his residence would lead to the discovery of admissible evidence as to other "stressors" that might have caused Plaintiff's alleged mental anguish.

7.  Moreover, the law is clear that "a party to litigation has no standing to move to quash

a third-party subpoena *duces tecum* unless the movant claims some personal right or privilege to the documents sought." *Green v. Saunder Mouldings, Inc.*, 223 F.R.D. 304, 306 (E.D. Va. 2004); *Nova Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004) ("[A] party ordinarily lacks standing to quash a subpoena directed at a nonparty unless the party is seeking to protect a personal privilege or right.").

8.   Plaintiff does not claim a personal right or privilege in the records sought by the subpoenas. Instead, Plaintiff claims that "the production of documents requested is tantamount to retaliation," "is a further effort to smear the reputation of Foster," and "subjects him to annoyance, embarrassment, and oppression." None of Foster's objections to the subpoena, however, express a personal right or privilege in the information sought and thus Plaintiff has no standing to quash the subpoenas. *See, e.g.*, *Ashkinazi v. Sapir*, No. 02CV0002, 2004 WL 1698446, at *3 (S.D.N.Y. July 28, 2004) ("Plaintiff merely claims that the subpoena is harassing and 'serves no purpose.' She does not claim a personal right or privilege in the documents and therefore has no standing to move to quash the subpoena.").

WHEREFORE, PREMISES CONSIDERED, Defendant moves this Court to enter an Order overruling Plaintiff's Amended Objection, denying Plaintiff's Motion to Quash, and compelling production of the documents requested in Defendant's October 20, 2006 subpoenas.

                Respectfully submitted,

                /s/ Carter H. Dukes
                Carter H. Dukes
                Kimberly W. Geisler
                Attorneys for Defendant
                Mid State Land & Timber Company, Inc.

OF COUNSEL:
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
(205) 251-2300

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing upon counsel of record by efiling or placing a copy of same in the United States mail, first class postage prepaid and addressed as follows:

> Jerry D. Roberson, Esq.
> Roberson & Roberson
> 8 Office Park Circle
> Suite 150
> Birmingham, Alabama 35223
>
> Albert H. Adams, Jr., Esq.
> Irby Law Firm, LLC
> Post Office Box 910
> Eufaula, Alabama 36072

      DONE this the 30th day of October, 2006.

      /s/ Carter H. Dukes
      Of Counsel

39210