

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NORRIS FOSTER,<br><br>　　Plaintiff,<br><br>v.<br><br>MID STATE LAND & TIMBER<br>COMPANY, INC., D/B/A<br>SEDGEFIELDS PLANTATION,<br><br>　　Defendant. | CIVIL ACTION NO.:<br>2:06-CV-00405-ID-SRW |

## DEFENDANT'S ANSWERS TO PLAINTIFF'S INTERROGATORIES

COMES NOW Defendant Mid State Land & Timber Company, Inc. d/b/a SEDGEFIELDS Plantation ("Defendant"), pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and submits its answers and objections to the Interrogatories of Plaintiff Norris Foster ("Plaintiff") as follows:

These objections and answers are made without waiver of:

1.　All objections as to competency, relevancy, materiality, privilege, and admissibility of each response and the subject matter thereof as evidence for any purpose in any further proceedings in this action;

2.　The right to object to the use of any such responses or the subject matter thereof on any grounds in any further proceedings in this action;

3.　The right to object on any ground at any time to a demand or request for further responses to these or other discovery requests involving or relating to the subject matter of the discovery requests herein responded to; and

4. The right at anytime to revise, correct, supplement, or clarify any of the responses contained herein.

## GENERAL OBJECTIONS

1. Defendant objects to each and every one of Plaintiff's Interrogatories insofar as such discovery request is over broad, vague, ambiguous, requiring Defendant to engage in a lengthy, time consuming and expensive search for information with no specific guidance as to what information is requested pursuant to each discovery request.

2. Defendant objects to each and every one of Plaintiff's Interrogatories insofar as such discovery request seeks information that is neither relevant to the subject matter of the pending litigation, nor reasonably calculated to lead to the discovery of admissible evidence.

3. Defendant objects to each and every one of Plaintiff's Interrogatories insofar as such discovery request calls for communication and/or documents which were prepared or made by other persons and/or entities. Such documents, communications, and knowledge of such communications are in the custody, control, and possession of others, and therefore, Defendant is justified in requesting that Defendant obtain such information from other persons and/or entities.

4. Defendant objects to each and every one of Plaintiff's Interrogatories to the extent that any such discovery request seeks information subject to the attorney/client privilege, prepared in anticipation of litigation or in anticipation for trial, or attorney work product which is confidential or proprietary in nature, or subject to any other privilege.

5. Defendant objects to each and every one of Plaintiff's Interrogatories to the extent that any such discovery requests seeks information concerning issues upon which discovery is not yet complete.

6. Defendant objects to each and every one of Plaintiff's Interrogatories to the extent that any such discovery request seeks information, the retrieval or compilation of which would be unduly burdensome on Defendant.

**Defendant's Answers to Interrogatories are subject to, and without waiver of, the Protective Order entered in this case as to the confidentiality of information and documents that might be produced in this litigation.**

Without waiving the foregoing general objections, and by expressly incorporating each general objection into the following responses, Defendant provides the following additional objections and answers to Plaintiff's Interrogatories:

## INTERROGATORIES

1. Identify all persons, providing their name, address and job title, who had any role in the decision to terminate the Plaintiff.

Answer: Defendant objects to this interrogatory to the extent "any role" is vague and ambiguous. Subject to and not withstanding this objection, Joel Norman, Quail Operations Manager, reported performance issues concerning Plaintiff to David Carroll, General Manager. David Carroll personally observed performance issues concerning Plaintiff, investigated the reports made by Norman, and made the decision to terminate Plaintiff's employment with Defendant.

2. For each person identified in Interrogatory #1, state with specificity what role each person played in the decision to terminate Plaintiff, whether they made the decision, recommended the termination, or approved the termination.

Answer: See Defendant's answer to Interrogatory Number 1 above.

3. State in detail every reason why Plaintiff's employment was terminated.

Answer: Plaintiff's employment with Defendant was terminated for poor work performance and poor attitude, including, among other things, criticizing his supervisor among co-workers and in front of customers, failure to comply with Defendant's policy as to customer tips, failure to follow instructions, failure to timely complete assigned duties, and failure to perform assigned tasks. In addition, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, see David Carroll's January 3, 2006 Memorandum to File from which additional information that is responsive to this interrogatory may be derived.

4. Identify all persons who made any investigation into any alleged misconduct by the Plaintiff, describing in detail the nature of the investigation, when it occurred, and identifying all people who were interviewed and all records which were consulted as part of said investigation.

Answer: Defendant objects to this interrogatory to the extent that it is vague and ambiguous. Subject to and notwithstanding these objections, Joel Norman spoke with Jeffrey Harris as to missing quail in early October 2005 and in late December 2005. Carroll personally observed issues concerning Plaintiff's work performance and attitude and, between March and December 2005, periodically reviewed Plaintiff's work. Carroll also spoke with Norman, Plaintiff, and Rochester Lee as to Plaintiff's work performance.

5. Identify all employees, who have, since January 1, 2002, left the employ of Mid-State Land & Timber Company, Inc., d/b/a Sedgefields Plantation, who worked on the Defendant's premises in Bullock County, Alabama. For each said person, provide their name, address, title job description, rate of pay, race, date of separation, reason for separation and last known telephone number.

Answer: Defendant objects to this interrogatory for the reasons set forth in general objections numbers 2 and 3. In particular, Defendant objects to this interrogatory in that it is not reasonably limited temporally and that it is not limited to the time in which the decision maker in this case was employed by Defendant. Further, this interrogatory is over broad as every employee who worked for Defendant in Bullock County was terminated on or about May 19, 2006. Subject to and notwithstanding these objections, Defendant will produce, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, subject to an appropriate protective order, those documents from which an answer to this interrogatory may be derived for those employees whose employment with this Defendant was terminated from between the time Carroll, the decision maker, became the General Manager and May 18, 2006, the day before all employees with Defendant in Bullock County were terminated.

6. Identify all employees, who have since January 1, 2002, been hired by the Defendant to work at its Bullock County hunting operation. For each said person, provide their name, address, job classification, date of hire, race, rate of pay, and telephone number.

Answer: Defendant objects to this interrogatory for the reasons set forth in general objections numbers 2 and 3. Further, Defendant objects to this interrogatory in that it is not reasonably limited temporally. Subject to and notwithstanding these objections, Defendant will produce, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure and subject to an appropriate protective order, documents from which an answer to this interrogatory may be derived as to those employees hired after December 29, 2005 in Bullock County, Alabama.

7. Identify the person who has replaced the Plaintiff, or who assumed Plaintiff's duties.

Answer: As Plaintiff did not have a specific, particular position with Defendant, his

job was not "replaced," rather, his duties were assumed by Chance Hamm, Will Hubbard, and William Mack.

8. Identify every employee of this Defendant who has been disciplined for violating the same policy that Norris Foster was alleged to have violated, providing their name, address, telephone number, job title, date and nature of the discipline.

Answer: Jeffrey Harris received a written warning and oral reprimands for his failure to follow instructions, timely complete his assigned duties, and for failing to perform an assigned task. Chance Hamm, Will Hubbard and William Mack have been orally reprimanded for failure to follow instructions and complete assigned duties. Bill Beckwith was terminated for stealing gas and failing to provide a valid driver's license.

9. Identify providing the name, address, and job classification of the person who is most familiar with this Defendant's hiring practices for fill positions at its Bullock County hunting operation known as Sedgefields Plantation.

Answer: Defendant objects to this interrogatory for the reasons set forth in general objections numbers 2 and 3. Subject to and notwithstanding these objections, David Carroll would be most familiar with the hiring practices during the time that he was the General Manager of Sedgefields Plantation.

10. Provide a list of all employees, including their name, age, race, home address, telephone number, rate of pay and job title, of every person hired by Joel Norman.

Answer: No employees were hired by Joel Norman.

11. Provide a list of all employee, including their name, age, race, home address, telephone number, rate of pay and job title, of every person who has been fired by Joel Norman, along with the reasons for their discharge.

<u>Answer</u>: No employees have been terminated by Joel Norman.

Respectfully submitted,

Carter H. Dukes
Kimberly W. Geisler
Attorneys for Defendant
Mid State Land & Timber Co., Inc.
d/b/a Sedgefields Plantation

**OF COUNSEL:**
HUCKABY SCOTT & DUKES, P.C.
2100 Third Avenue North, Suite 700
Birmingham, Alabama 35203
Tel: (205) 251-2300
Fax: (205) 251-6773

## VERIFICATION

My name is David Carroll, and I was a General Manager for Sedgefields Plantation during part of the time that it was owned by Mid State Land and Timber Company, Inc. I am authorized to give this verification. By virtue of my position, I have personal knowledge of some, but not necessarily all, of the information provided in response to Plaintiff's Interrogatories to Sedgefields Plantation. The remainder of the information was derived from records maintained in the regular course of business, or from employees or former employees, with respect to matters within the course of their employment. The information contained in the foregoing responses to Plaintiff's Interrogatories to Sedgefields Plantation is true and correct to the best of my knowledge, information, and belief.

*David Carroll* [signature]

SWORN TO AND SUBSCRIBED before me this 17th day July, 2006.

[NOTARIAL SEAL]

*Denise Pierce* [signature]
Notary Public

My Commission Expires: 9/29/08

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel of record via U.S. mail, addressed as follows:

>Jerry D. Roberson, Esq.
>Roberson & Roberson
>8 Office Park Circle
>Suite 150
>Birmingham, Alabama 35223
>
>Albert H. Adams, Jr., Esq.
>Irby Law Firm, LLC
>Post Office Box 910
>Eufaula, Alabama 36072

DONE this the 7th day of July, 2006.

_____
Of Counsel

37928.1

## VERIFICATION

My name is David Carroll, and I was a General Manager for Sedgefields Plantation during part of the time that it was owned by Mid State Land and Timber Company, Inc. I am authorized to give this verification. By virtue of my position, I have personal knowledge of some, but not necessarily all, of the information provided in response to Plaintiff's Interrogatories to Sedgefields Plantation. The remainder of the information was derived from records maintained in the regular course of business, or from employees or former employees, with respect to matters within the course of their employment. The information contained in the foregoing responses to Plaintiff's Interrogatories to Sedgefields Plantation is true and correct to the best of my knowledge, information, and belief.

_David Carroll_ (signature)

SWORN TO AND SUBSCRIBED before me this 17th day July, 2006.

[NOTARIAL SEAL]

_Denise Pierce_ (signature)
Notary Public

My Commission Expires: 9/29/08

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon counsel of record via U.S. mail, addressed as follows:

> Jerry D. Roberson, Esq.
> Roberson & Roberson
> 8 Office Park Circle
> Suite 150
> Birmingham, Alabama 35223
>
> Albert H. Adams, Jr., Esq.
> Irby Law Firm, LLC
> Post Office Box 910
> Eufaula, Alabama 36072

DONE this the ____ day of July, 2006.

_____
Of Counsel

37928.1