**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **NORRIS FOSTER,** ) | |
| ) | |
| ) | **CIVIL ACTION NO.:** |
| Plaintiff, ) | **2:06-CV-00405-ID-SRW** |
| ) | |
| v. ) | |
| ) | |
| **MID STATE LAND & TIMBER** ) | |
| **COMPANY, INC., D/B/A** ) | |
| **SEDGEFIELDS PLANTATION,** ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MEMORANDUM IN
SUPPORT OF BILL OF COSTS**

COMES NOW Defendant Mid State Land & Timber Company, Inc., formerly d/b/a Sedgefields Plantation (hereafter referred to as "Mid State" or "Defendant"), pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and M.D. Ala. L.R. 54.1(a), and submits this Memorandum of law in support of the Bill of Costs filed herewith.

**I. LAW GOVERNING THE AWARD OF COSTS**

Rule 54(d)(1) creates a presumption that the prevailing party is entitled to recover its full costs. *Chapman v. AI Transport*, 229 F.3d 1012, 1038-39 (11th Cir. 2000) (en banc). "To defeat the presumption and deny full costs, a district court must

have and state a sound basis for doing so." *Chapman*, 229 F.3d at 1039 (citing *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)). The Eleventh Circuit has cautioned that, in assessing costs, the district court may not consider the relative wealth of the parties as that would "unduly prejudice parties with assets and undermine 'the presumption that Rule 54(d)(1) creates in prevailing parties' favor, and ... the foundation of the legal system that justice is administered to all equally, regardless of wealth or status.'" *Id.* (citations omitted). The financial status of the non-prevailing party may only be considered if there is "clear proof" of "dire financial circumstances." *Id.* Moreover, "even in those rare circumstances where the non-prevailing party's financial circumstances are considered in determining the amount of costs to be awarded, a court may not decline to award any costs at all." *Id.*

## II. ARGUMENT

Pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, an award to the prevailing party of costs incurred in the preparation and presentation of a case is authorized "as of course." *Helms v. Wal-Mart Stores, Inc.*, 808 F. Supp. 1568 (N.D. Ga. 1992). Further, the granting of summary judgment is not an impediment to an award of costs to the moving party. *Blevins v. Heilig-Meyers Corp.*, 184 F.R.D. 663 (M.D. Ala. 1999); *Jeffries v. Georgia Residential Finance Authority*, 90 F.R.D. 62 (N.D. Ga. 1981).

For claimed expenses to be recoverable, they must fall within a category of

taxable costs enumerated in 28 U.S.C. § 1920 or another specific statute. *Eagle Insurance Co. v. Johnson*, 982 F. Supp. 1456, 1458 (M.D. Ala. 1997); *Corsair Asset Management, Inc. v. Moskovitz*, 142 F.R.D. 345, 351 (N.D. Ga. 1992). Taxable expenses pursuant to 28 U.S.C. § 1920 include:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under § 1923 of this title; [and]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. Defendant is entitled to recover the expenses set forth below.

A.   **Court Reporter Fees and Costs Incident to Taking Depositions**

Fees of a court reporter and costs incident to the taking of depositions "necessarily obtained for use in the case," including costs incident to videotaped depositions, are recoverable by the prevailing party under 28 U.S.C. § 1920. *Morrison v. Reichhold Chemicals, Inc.*, 97 F.3d 460, 465 (11th Cir. 1996) ("a videotaped deposition is more appropriately taxed as is any other deposition expense"); *Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066

(N.D. Ga. 1992). A deposition must appear to be reasonably necessary at the time the deposition is taken for costs to be recoverable. Costs that are incurred only for the convenience of counsel are not recoverable. *DiCecco v. Dillard House, Inc.*, 149 F.R.D. 239, 241 (N.D. Ga. 1993).

All of the depositions taken in this case were necessary for both the preparation and presentation of Defendant's Motion for Summary Judgment and Reply brief. Defendant seeks the following deposition expenses as taxable costs:

1. Deposition of Norris Foster
   Original and exhibits
   **Invoice No.**: 00015552   **Dated**: September 13, 2006
   **Amount**: $660.20

2. Depositions of Denise Pierce and Roy Lee
   Original and exhibits
   **Invoice No.**: 33672CJB   **Dated**: November 6, 2006
   **Amount**: $543.70

   Videotaped Depositions of Denise Pierce and Roy Lee
   **Invoice No.**: 06-1309   **Dated**: October 25, 2006
   **Amount**: $175.00

3. Depositions of Joel Norman and David Carroll
   **Invoice No.**: WT61278   **Dated**: September 8, 2006
   **Amount**: $825.40

   Videotaped Depositions of Joel Norman and David Carroll
   **Invoice No.**: CM61540   **Dated**: October 10, 2006
   **Amount**: $640.00

   **Total Deposition Costs: $2,844.30**

**B.     Docket Fees Pursuant to 28 U.S.C. § 1923**

Pursuant to 28 U.S.C. § 1923, Defendant seeks $12.50 in docket costs for the five depositions admitted into evidence (5 depositions at $2.50 each) and $20.00 in docket costs for a "final hearing" based on the granting of Defendant's Motion for Summary Judgment and entry of judgment therewith.  Thus, Defendant requests that **$32.50** be taxed as costs pursuant to 28 U.S.C. § 1920(4).  *See Jones*, 2002 WL 1162406, *3 (M.D. Ala. May 24, 2002) (awarding docket costs based on the entry of summary judgment constituting a "final hearing").

### III.  CONCLUSION

For the foregoing reasons, Defendant Mid State Land & Timber Company, Inc. respectfully requests that the Court tax costs against Plaintiffs Jeffrey Harris, Willie Mack, Demetrius Parham, Henry Tarver, and Roy Lee in the amount of **$2,876.80**.

> Respectfully submitted,
>
> /s/Kimberly W. Geisler
> Carter H. Dukes
> Kimberly W. Geisler
> Attorneys for Defendant
> Mid State Land & Timber Co., Inc.

**OF COUNSEL:**
SCOTT DUKES & GEISLER, P.C.
2100 Third Avenue North
Suite 700
Birmingham, Alabama  35203
(205) 251-2300

# CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing upon counsel of record either through the CM/ECF system or by placing a copy of same in the United States Mail, first class postage prepaid and addressed as follows:

Jerry D. Roberson, Esq.
Roberson & Roberson
Roberson & Roberson
3765 Kinross Drive
Birmingham, Alabama 35238-0487

Albert H. Adams, Jr., Esq.
Law Office of Albert H. Adams, Jr., P.C.
520 South Eufaula Avenue, Suite E
Post Office Box 910
Eufaula, Alabama 36072

DONE this the 14th day of November, 2007.

/s/ Kimberly W. Geisler
Of Counsel

42133